# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## COOPER AND ALS. v. COOPER'S EX'OR AND ALS.

### Absent, *Judge Hinton.**

February 15th, 1883.

EXECUTORS—*Liability—Widow—Jointure—Dower.*—By will probated July, 1873, testator made assets to pay all his debts, of his whole estate (valued at $46,000), except two hundred and twenty-five shares of bank stock, valued at $20,000, and specifically bequeathed to his wife and children. He authorized his executor to sell *at his discretion,* his whole estate, except the bank stock, and after paying his debts, the residue to go also to his wife and children. Financial panic in 1873 depressed property values, and no sales were made until after suit instituted in June, 1876, to settle the estate, by the reports of the accounts therein taken, revealed that the debts had swollen to $25,000, and the assets dwindled to $8,000, and the bank stock become worthless. The widow never renounced the will, nor claimed dower until December, 1877, when she filed her petition in the suit, averring she had lawfully been deprived of her jointure, and desired her dower in the lands of her husband, which had then been sold under decree in the suit. She also claimed homestead exemption in his estate. She filed exceptions to the said reports wherein they failed to make the executor account for the bank stock, and to hold him liable for his failure to convert into money so much of the estate of the testator as was necessary to pay the debts, before its depreciation in value. Court below overruled the exceptions and denied the prayer for dower, but allowed the homestead. On appeal by widow—

HELD:

1. By a long series of decisions, it is well settled in Virginia that if an executor honestly exercise the discretion conferred on him by the will, he cannot be held liable for any loss which may have been occasioned by a mere error of judgment.

*Judge Hinton had been of counsel for some of the appellees.

2. Circumstances under which a fiduciary is held exonerated from liability for the loss of the trust subject.

3. The widow having declined for over four years to renounce the will and claim the provisions made for her by the law, and having with full knowledge of the facts elected to accept the provisions made for her by the will, cannot now—*even though she has been lawfully deprived of her jointure*—be allowed to revoke her election and have dower, especially after the realty has been sold to innocent purchasers under decrees in a suit in which she was a party.

IDEM—*Compromise.*—With a view to protect himself in the event he should be held liable for the bank stock which perished on his hands, executor made a compromise with the creditors, who (in advance of the legatees) would be entitled to the bank stock, whereby the creditors assigned to him for value their interests therein, but the stock having become valueless, there remained nothing out of which he could derive any advantage. On appeal:

HELD:

Such agreement did not, under the circumstances, come within the rule which forbids a fiduciary from availing himself of his fiduciary character to make personal profit or advantage.

Appeal of Susan A. Cooper, the widow of Joseph H. Cooper, deceased, and Annie B. Cooper, Susie H. Cooper, and William H. Cooper, infants suing by their mother and next friend, said Susan A. Cooper, from a final decree of the hustings court of the city of Petersburg, rendered January, 1880, and another decree of said court rendered 28th January, 1878, in a certain chancery suit therein depending, entitled *Cooper* v. *Cooper's Ex'or & als.* The facts and points raised are fully stated in the opinion of the court.

*S. D. Davies, Jones & McKinney,* and *Collier & Budd,* for the appellants.

*Pegram, Stringfellow & Kean,* for the appellees.

FAUNTLEROY, J., delivered the opinion of the court.

This is an appeal from a final decree of the hustings court of the city of Petersburg, rendered at the January term thereof,

1880, and an interlocutory decree of the said court, rendered on the 28th January, 1878, in a chancery suit therein depending, entitled *Cooper* v. *Cooper's executor and als.* A transcript of the record of this cause, filed with the petition of the appellants, Susan A. Cooper, the widow of Joseph H. Cooper, deceased, Annie B. Cooper, Susie H. Cooper and William H. Cooper, the last three of whom are infants of the said Joseph H. Cooper, deceased, suing by the said Susan A. Cooper, their mother and next friend, presents for the consideration of this court the following *case:*

Joseph H. Cooper, a resident of the city of Petersburg, Virginia, died in the month of July, 1873, leaving a widow and two sets of children. He died seized and possessed of an estate comprising realty of the appraised value of $19,050, and personalty appraised at $7,732.26, not including two hundred shares of stock in the Citizens' Savings Bank of Petersburg, which, at the time of his death, were worth, approximately, $20,000, making, in the aggregate, an estate of the value of $46,782.26. He left a will disposing of all his property, and nominating two of his personal and business friends as his executors, and expressing the hope that "they will not fail to qualify," and suggesting that his wife should become the guardian of his little children, and assist in educating them.

At the first term of the hustings court of the city of Petersburg, after the death of the said Joseph H. Cooper, to-wit: at the July term, 1873, *John B. Stevens*, one of the two persons nominated executors in the will of the said Cooper, offered the said will for probate, and took upon himself the trust of administering the said estate, and executed his official bond as executor in the penalty of $85,000. The will bears date June 14th, 1869. The testator died in July, 1873.

By his will the testator made the whole of his estate, real and personal, assets in the hands of his executor, to pay all of his just debts, excepting, however, two hundred and twenty-five shares of stock in the Citizens' Savings Bank of Petersburg,

which he bequeathed specifically; and then gave to his wife one-third of his whole estate, real and personal, in fee simple; and the remaining two-thirds he dispensed among his two sets of children.

The widow neither renounced the provision made for her by the will, nor demanded her dower until December, 1877, when she filed her petition in the cause, alleging that she had been lawfully deprived of her jointure, and praying to be endowed of the real estate in proportion to her deprivation of her jointure; and praying also to have a homestead assigned and set apart to her and her infant children out of her husband's estate. In response to that petition, a decree was entered in the cause January 28th, 1878, by which the court decreed that "it appearing that the said Susan A. Cooper failed, within one year from the date at which the will of the said Joseph H. Cooper was admitted to probate, to renounce the said will, and waive the jointure made for her thereby, the court is of opinion that she cannot now renounce said will or waive the jointure therein given her, and demand her dower;" and the court refused the prayer of the petition as to the assignment of dower, but did decree to the said Susan A. Cooper and her infant children *a homestead* out of the estate of Joseph H. Cooper, deceased, which was commuted in money to the amount of $1,500, and was paid to her by the executor by agreement between her and the creditors, sanctioned by the court. Against this decree, and the final order in the cause, entered at the January term, 1880, the said Susan A. Cooper, for herself and her infant children, obtained an appeal to this court.

The petition of the appellants, filed with the record of the case, raises three questions for the decision of this court:

First. Has John B. Stevens, executor of the will of Joseph H. Cooper, deceased, performed his duties as devolved upon him by the law, and the will of his testator; or has he, in the eye of the law, committed a *devastavit* in his administration of the estate,

for which he should be held to account to this widow and her infant children, the appellants in this cause?

At the time of the death of the testator, Joseph H. Cooper, his apparently large estate was, admittedly and beyond all question, amply sufficient to pay all the debts due by him, and to leave a considerable sum for distribution among the legatees under his will, in addition to the 225 shares of stock of the Citizens Bank of Petersburg, specifically bequeathed to his wife and children as aforesaid; yet this chancery suit, to obtain a final settlement of the estate, instituted in June, 1876, by Joseph D. Cooper, one of the legatees aforesaid, which soon assumed the form of a creditor's suit, revealed the astounding fact that the estate was wholly insolvent, with an indebtedness of over $25,000, and assets of about $8,000, and the beneficiaries under the will, the widow and children of the testator, without a dollar of bequest.

The petition of the appellants charges, that the said John B. Stevens, executor aforesaid, "was guilty of a *devastavit* in delaying, for three years, to convert the estate into money, in its proper order, for the payment of the debts; the consequence of which delay was serious loss from depreciation of property and the great accumulation of interest on the debts outstanding against it; and also in permitting the 225 shares of Citizens Bank stock to perish in his hands."

The will of the testator, Joseph H. Cooper, is the source of duties and responsibility devolved and assumed by the executor, John B. Stevens, in the case under review.

In the second item of the will the testator says: "I wish my executor to sell at his discretion, and when advisable to do so, all of my real estate and stock, *except* the stock in the Citizens Savings Bank." And by the third item he gives these 225 shares of stock, in proportions, to his wife and children, of both sets, and then adds: "I believe it best for my wife and all the children that they should not dispose of this stock, but to continue to pay monthly instalments until the stock is worth one

hundred dollars.    It will then be, in my opinion, a good paying
stock, but should it prove otherwise, I would advise the selling
of it, and invest in something else."

It will thus be seen that the will of the testator, Joseph H.
Cooper, gave to his executor *full discretion* to determine *the time*
when it would be advisable to sell the real estate and stock of
the testator, "except the stock in the Citizens Savings Bank";
which said stock he not only did not empower his executor to
sell, but did, expressly and specifically, bequeath to his wife and
children, accompanied with his parting advice that *they* should
not dispose of this stock, &c.

If the executor honestly exercised the discretion conferred
upon him by the will, then, by the principles settled by this
court in the cases of *Mills and als.* v. *Mills' executor and als.; Mills
and als.* v. *Lancaster and als.*, 28 Gratt. 442; *Lingle and als.*
v. *Cooke's adm'r*, 32 Gratt. 262; *Staples and als.* v. *Staples
and als*, 24 Gratt. 225, he cannot be held liable for any loss
which may have been occasioned by an honest error of judgment.

The honesty and good faith of the executor, J. B. Stevens, are
not questioned by the appellants; and from the record it abun-
dantly appears that until after the 30th day of April, 1878, all
the parties interested concurred in the opinion that he had well
and truly administered the assets of the estate which had come
to his hands; and that they all agreed and advised that in the
then existing extraordinary depression in the value of real estate
and securities, produced by the *panic of* 1873, it was best not to
sell until there should be some improvement in the prices of
securities and real estate.    Apart from the directions contained in
the will of his testator, we think that the executor was fully
justified by the depression in the value of property produced by
the *panic of* 1873, in delaying the sale of the assets, real and
personal, of the estate.    *Perry* v. *Smoot*, 23 Gratt. 241.

It appears from the record that his administration of the
assets of the estate was under the eye and by the direction of
the hustings court of Petersburg; and we do not think that the

executor, in the exercise of the discretion given to him by the will, should be held liable for the depressions of the value of property, and the consequent loss and wreck of assets produced by the great *financial panic of* 1873. Numerous decisions have been rendered by this court determining the liability of *fiduciaries* for their omissions and commissions; and in the case of *Elliott* v. *Carter and als.*, 9 Gratt. 559, it is said, "trustees acting with reasonable care and prudence, and with the best judgment they can form upon the occasion, *will be protected*, notwithstanding an unforeseen loss of the trust subject." Good faith and ordinary discretion are all that the law requires, or ought to require, of an executor or trustee. *Davis, com'r* v. *Harman and als.*, 21 Gratt. 200; *Douglass* v. *Stephenson's ex'or and als.*, 75 Va. Rep. 747; *Meyer's ex'or* v. *Zetelle*, 21 Gratt. 759.

The principle enunciated in these cases, applied to the case at bar, has already answered the second question addressed to the consideration of this court—viz.: Is the executor of the will of Joseph H. Cooper, deceased, answerable as for a *devastavit* of the estate because of the depreciation in the value of the Citizens Savings Bank stock, and its subsequent total loss, by the failure of the bank?

The record shows that these 225 shares of stock had been pledged by Joseph H. Cooper to the bank itself for a large debt of his to the bank; that he specifically bequeathed it to his wife and children, exonerated from the payment of his debts until all his other estate should be applied and exhausted; and that he expressly excepted it from the discretion to sell or dispose of his estate given by his will to the executor.

The hustings court of the city of Petersburg, in its decree rendered in this cause July 27th, 1877, held that this stock could not, even then, be sold; and in this view the appellant, Susan A. Cooper, seems then to have acquiesced, as she did not ask the sale of the stock and the retention of the proceeds of sale in the hands of the court, as she might have done.

The third important inquiry is, did the hustings court of the

city of Petersburg err·in refusing the prayer of appellant, Susan A. Cooper, to be permitted to renounce the provision made for her in the will of her husband, and to be remitted to her right of *dower?*

We think not.   She never renounced the will, and she filed her petition praying to be allowed to do so December 26th, 1877, (four years and five months) after the will of Joseph H. Cooper had been admitted to probate, and after most, if not all, of the realty had been sold to innocent purchasers for value, under decrees of the court in a suit to which she was a party, and to which she made no objection; and having thus, with a full knowledge of all the facts, elected to take under the will, she ought not *now* to be remitted to her claim to dower, simply because the stock which she had elected to take in lieu thereof, and which, at the time of her election, was *above par*, has, in the course of years, become worthless by the failure of the bank.

We have considered this case with all due regard to the rights of the widow and infant children, who are the appellants here, but the law is the shield of the fiduciary who has acted faithfully and within his given discretion.

We do not think that the compromise agreement between the executor and the creditors infringes the rule which forbids a trustee from availing himself of his fiduciary character for personal profit or advantage.   No estate remained against which it was contemplated for him to urge any claim by virtue of the arrangement with the creditors ; it was a mere precaution against a contingency which never happened, and it was, moreover, submitted to and approved by the court.   The decrees of the hustings court of the city of Petersburg complained of by the appellants *are affirmed.*

DECREES AFFIRMED.