# Richmond

LAURA E. LIVERMON AND OTHERS V. SARAH W. LLOYD, ETC.

November 17, 1932.

Present, Campbell, C. J., and Holt, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*Tazewell Taylor* and *L. B. Cox,* for the appellants.

*James E. Heath, William G. Maupin* and *Mann & Tyler,* for the appellees.

BROWNING, J., delivered the opinion of the court.

In this case an appeal was allowed by this court from a decree of the Circuit Court of the city of Norfolk, entered on the 3rd of September, 1931, holding that Laura E. Livermon was not entitled to dower in the estate of her late husband, George W. Livermon, who died testate in 1922, leaving an estate of approximately $100,000.00 in value. How much of the estate was personal property the record does not definitely disclose but some three years after the qualification of the executrix there was in her hands, personal estate in excess of $17,000.00 in value, of which $14,540.00 was in cash and choses in action. The residue of the assets of the estate consisted of Norfolk city real estate.

The testator, after requiring the payment of his debts, bequeathed one-half of his personal estate to his wife absolutely and the other half to his executrix in trust for his two children who were daughters. This was exclusive of the household and kitchen furniture which was given outright to his wife. Of the income from his real estate he gave one-half to his wife, during her life, and the residue to his two daughters, to be administered by her as executrix. She qualified in 1922, and took upon herself the administration of the estate which continued until 1931, when she filed a petition in the pending creditors' suit praying

that she be dowered of one-third of the real property belonging to the estate of her late husband, George W. Livermon. This petition sought to invoke for her benefit the provision of section 5122 of the Code of Virginia.

By a former decree entered July 23, 1929, in the creditors' suit, the estate of George W. Livermon was held liable for the payment of deeds of trust indebtedness aggregating $28,333.00 with interest from December 8, 1925, until paid. This decree upon an appeal granted to Mrs. Livermon and her daughters was affirmed by this court (155 Va. 940, 157 S. E. 146), and by subsequent decrees of the lower court the real estate left by George W. Livermon, except two parcels, was sold. The proceeds of the sale in addition to the value of the land unsold, would not be sufficient to pay the indebtedness referred to.

The controversy here is between Mrs. Livermon claiming that she has been lawfully deprived of her jointure and therefore is entitled to dower in the real estate of her deceased husband, or in its proceeds, and the creditors of the estate, of whom Sarah W. Lloyd is one, who contend that Mrs. Livermon elected to take under the will and that she enjoyed the fruits of its provisions, particularly the personal estate of her husband, without applying it to the extinguishment of the indebtedness, which was her primary duty as his personal representative, and that she should not now be heard to assert her alleged right of dower which it was urged was barred by section 5120 of the Code of Virginia.

The statutes which are applicable are as follows: "Section 5120.—*Jointure in bar of dower; effect of conveyance or device.*—If any estate, real or personal, intended to be in lieu of dower, shall be conveyed or devised for the jointure of the wife, such conveyance or devise shall bar her dower of the real estate, or the residue thereof, and every such provision, by deed or will, shall be taken to be intended in lieu of dower, unless the contrary intention

plainly appear in such deed or will, or in some other writing signed by the party making the provision."

Section 5122. "If a widow be lawfully deprived of her jointure, or any part thereof, she shall be endowed of so much of the real estate whereof, but for said jointure, she would have been dowable, as is equal in value to that of which she was deprived."

Section 5121 of the Code provides that "the widow may, at her election, waive such jointure and demand her dower," such election to be made within one year after the admission of the will to probate where the provision is by will. This section was not relied upon by either contestant as applicable and no more mention need be made of it.

Sections 5120 and 5122 must be read together. The former is qualified by the latter. That the devise for the jointure of the wife shall bar her dower of the real estate unless her jointure be lawfully taken from her, is the statutory intendment. Our attention has been called to two cases decided by this court as persuasive if not controlling in the present situation. *Rutherford* v. *Mayo*, 76 Va. 117, involved a case somewhat similar to this one, though much that transpired in the lower court was wanting, on account of the very meagre and incomplete record. There the lower court decreed that the widow was entitled to dower and upon an appeal this court said: "Upon the whole, the court is of opinion that the provision made by the will of George Mayo in favor of his wife was in lieu of dower, and that she made her election to accept said provision in satisfaction of all claims for dower. But the court is further of opinion, that it does not appear to what extent she has been lawfully deprived, if at all, of the provision aforesaid made for her benefit. The court is, therefore, of opinion to reverse the decree of the circuit court, with costs; and to remand the cause to the said circuit court for further proceedings to be had therein, in conformity with the principles declared in this opinion."

In *Cooper* v. *Cooper's Ex'r,* 77 Va. 198, the other case involving the questions of jointure and dower, it was said: "The third important inquiry is, did the Hustings Court of the city of Petersburg err in refusing the prayer of appellant, Susan A. Cooper, to be permitted to renounce the provision made for her in the will of her husband, and to be remitted to her right of *dower*?

"We think not. She never renounced the will, and she filed her petition praying to be allowed to do so December 26, 1877 (four years and five months), after the will of Joseph H. Cooper had been admitted to probate, and after most, if not all, of the realty had been sold to innocent purchasers for value, under decrees of the court in a suit to which she was a party and to which she made no objection; and having thus, with a full knowledge of all the facts, elected to take under the will, she ought not *now* to be remitted to her claim to dower, simply because the stock which she had elected to take in lieu thereof, and which, at the time of her election, was *above par*, has, in the course of years, become worthless by the failure of the bank."

Thus it would seem that the decision in the *Cooper Case* turned not a little upon the fact that the widow permitted most of the real estate belonging to her husband's estate to be sold, in a suit to which she was a party, to innocent purchasers for value, without protest or objection, and then being possessed of full knowledge of all the facts she elected to take under the will, and thereafter she ought not to be remitted to her claim to dower. In the case in question Mrs. Livermon vigorously contested the claim of the deed of trust indebtedness as a valid demand upon her husband's estate. When this issue was decided against her contention she asserted her right under the statute to be dowered of what she had been lawfully deprived.

We think she was entitled to this right. To hold otherwise in this case would render nugatory the plain provisions of section 5122 of the Code. While she is entitled to dower in the real estate left by her husband, George W. Livermon,

and we so hold, it would be less than complete equity if we did not hold that her dower should be offset by such sums as were received by her from the estate of her husband which would have been properly and primarily charged with the payment of his debts.

Accordingly we reverse the ruling of the trial court in denying to Mrs. Livermon the dower of which she was deprived, and the case is remanded to the said court for further proceedings to be had therein in conformity with the principles herein enunciated.

*Reversed and remanded.*