The feme plaintiff states that A. M. Gorman, her testator, died in 1865, leaving a last will, in which it is bequeathed and devised as follows:
"I desire that all the property I may possess, after the payment of my just debts, in the case of my death, may be given *Page 381 
to my beloved wife, for the benefit of her and my children, and that she shall hold the same as my executrix and guardian for their mutual benefit:Provided, That the principal shall not be used, unless the interest fails to meet their reasonable part."
That she qualified as executrix at February Term, 1865, of Wake County Court, and took into possession, personal property worth some four hundred dollars, which, together with the proceeds of the sale of certain real estate, was expended in the payment of her husband's debts, and charges of administration; and that there are now outstanding debts to the amount of $825.
The executrix, plaintiff, further states, that on the 10th day of April, 1865, she, thinking she had a right under the said will of her husband, sold, or attempted to sell a certain house and lot belonging to the estate, to one Sidney W. Whitaker, for $5,000, Confederate money; that Whitaker paid the Confederate money and entered upon the possession of the property, which he has kept ever since, claiming it in fee. That there is no other property except this lot, so sold to said Whitaker, from which the indebtedness of the estate can be paid. She therefore prays a sale of said lot for assets, c.
Whitaker, by leave of the Court, was permitted to defend, and alleged abona fide sale to him of said lot by the said feme plaintiff, and that she, at the time of said sale, represented that she had power to sell, under the will of her late husband, and that such sale was for the mutual benefit of herself and children; that the property brought a fair price, and that the said executrix stated to him, that if he did not purchase the same, she would sell to some one else.
The defendant, Whitaker, also charged, that several years after the sale, that the said executrix had laid off to her certain real estate in the city of Raleigh, as her dower, and upon which she now lives; that the real estate, which she possesses as dower, is much more than sufficient to pay all the debts of her testator, and should be so applied. Said defendant claims, *Page 382 
that if the executrix did not apply the proceeds of the sale to him in the payment of debts, it was no fault of his; and that his estate is good against the said feme plaintiff, and that she will be held to have elected to take the lot sold to him, and is bound by her said election; and that she could not, after making him a deed for the same, take her dower in another portion, thereby dissenting from the will, so as to deprive the defendant of the land he had honestly purchased and paid for.
In her replication to the foregoing answer, the feme plaintiff offers to submit her accounts of the administration of her her husband's estate, when requested to do so by the Court. She alleges that the money received for the purchase of the said lot, was worthless and could not be used to pay debts; and admits that when she sold said property, she thought she had a right to do so, but says, that since said sale, she has been informed of her mistake. She also admits that she has had allotted to her, her dower; but contends, that in this preceding, she is representing the creditors of her deceased husband, and that her dower is not subject to their claims. She denies that the defendant Whitaker has any title to said lot, either as against her, or the creditors, or the other defendants, as she could not at the time of said sale, convey any title. She contends that the only question in this proceeding, is as to the title of the defendant to the land, she honestly attempted to sell him.
The other defendants are minors; and the only heirs at law of the testator, who answered formally by their guardian ad litem.
His Honor, after argument, granted the prayer of the plaintiff's petition, and gave judgment that the house and lot be sold.
From this judgment the defendant, Whitaker, appealed.
1. Was title conveyed to Whitaker? It is doubtful whether under the will, title was conveyed by the widow a devisee _____ see will as set out in the statement of the case.
But, if under the will title was conveyed by the widow as devisee, it passed subjected to be divested on the insolvency of the estate becoming known. Rev. Code, Chap. 46, sec. 61. Sale void. Badger v. Jones,66 N.C. 305. Case almost identical.
As dowress the widow could convey no title before the assignment of dower. Williamson v. Cox, 2 Bat. Dig., 1175 (4); Webb v. Boyle,63 N.C. 271.
2. Could executor, who is also widow, after sale to Whitaker, dissentand take dower in other lands?
The law as laid down in the Rev. Code and the following decisions all show that she can. Rev. Code, chap. 46, sec. 62. Saving of dower. Mitchener
v. Atkinson, Phil. Eq., 23; Ramsour v. Ramsour, 63 N.C. 241 — widow, executor and devisee; Moore ex parte, 92 page, 6th line from top,64 N.C. 90; Avery ex parte, 64 N.C. 113 — widow, guardian and devisee. Hinton v. Whitehurst, 71 N.C. 66 — see opinion bottom of 67th page and McAfee v.Bettis, 72 N.C. 28.
As to widow being in any way estopped by her declarations that she had a right to sell, or by her deed to Whitaker, see R. R. Co. v. Stratton, 22 Eng. C. L. R., 219. Same principle laid down by our own Court in an old case and a recent one. Alston v. Hamlin, 2 Dev. Bat. 115; Devries v.Haywood, 64 N.C. 83.
The well prepared brief of the counsel for the plaintiff leaves us but little labor.
The sale of land by a fiduciary on 4th April, 1865, for Confederate money, could scarcely be supported under any circumstances against the interests of the beneficiaries. Besides that, the will does not authorize the executrix to sell the land. The widow had the right to dissent from the will and take dower *Page 384 
and leave the debts of the estate a charge upon the lot in question. Ransom
v. Ransom, 68 N.C. 231.
There should be an order for the sale of the land as prayed for to pay debts, and there should be an account with Whitaker reimbursing him thevalue, of what he paid for the land and charging him with rents and profits. Moore v. Shields 78 N.C. 327.
There is no error. This will be certified, c.
PER CURIAM. Judgment affirmed.