**WILLIAM P. WETHERELL and wife *v.* MAXWELL J. GORMAN and others.**

In stating an account of the rents and profits of real estate, the defendant shou'd be credited with the enhanced value of the property on account of repairs, and not with the actual cost of such repairs.

It is not error to charge a defendant in such account with the actual rent received, after repairs made, where he has been credited with the value of such repairs, with interest thereupon.

This was a SPECIAL PROCEEDING, tried before *Watts, J.,* at January Term, 1876, of WAKE Superior Court.

The case was before this court upon appeal at June Term, 1875, and is fully reported in 73 N. C. Rep. 380.

In accordance with the judgment of this court, the case was referred to the Clerk of the Court below, to state an account between the plaintiffs and the defendant, Whitaker, "charging the said Whitaker with the rents and profits received by him, and allowing the said Whitaker the value of the purchase money paid by him, and also the enhanced value of the land, arising from any improvements made thereon with interest on these respective sums."

The case was heard in the court below, upon exceptions, to the report of the referee.

The plaintiff filed the following exceptions:

1. Because no rent is allowed from April, 1865, to October, 1867, whereas it is shown by the evidence and so found by the Clerk, that $20 per year might have been collected with repairs.

2. Because the value of repairs is allowed to defendant, without finding that the premises, when surrendered, had any enhanced value over that which they had when first occupied by defendant.

3. Because interest is allowed on the repairs, whereas the use and occupation is equivalent to interest.

4. Because interest is allowed on taxes, which are incident to the possession of realty, and not being a debt due to the person contesting, no interest is due thereupon.

5. Because the amount allowed for the back yard is based upon the increased value of the house instead of the actual value of the back yard.

The exceptions were overruled by the court, and judgment rendered. Whereupon the plaintiffs appealed.

*Smith & Strong* and *Collins*, for appellants.
*Fowle* and *Haywood*, contra.

Reade, J. The amount in controversy is small, and another reference and report, and the delay and expense incident thereto make it important that there should be an end to the litigation, unless manifest injury would result to one party or the other. Both parties except to the report; both parties are dissatisfied, which probably amounts to about the same as if both parties were satisfied.

The plaintiff has five exceptions to the report, only one of which, the second, has any force: "That the *cost* of the re-

pairs, instead of their *value to the premises* was allowed the defendant."

Their value to the premises is evidently the correct rule; for, very expensive repairs might nevertheless injure the premises, as changing a dwelling into a store house or stable. But as the order of reference directed the Clerk to allow for the "enhanced value of the land, by reason of any improvements made thereon;" and he reports the cost of the repairs as "improvements," we must take it that he understood the instructions, and that he meant that the value of the land was enhanced to the amount of the cost of the improvements. There was error therefore in sustaining any of the plaintiff's exceptions.

Only one—the first—of the defendants' exceptions has any force: "That the defendant is charged with the *actual* rents received after his repairs, instead of such rents as the lot would have yielded without the repairs." The defendant says, that the improvements came out of his pocket, and the increased rents ought to go into his pockets, to reimburse him his outlays; else the profits of his money will go into the plaintiffs' pockets. That would be so, if it were not that the report reimburses him every dollar that he spent for improvements. Being reimbursed the cost of his improvements, with interest, it is the same as if he had never made any improvements. The plaintiffs having reimbursed the defendant the cost of his improvements, with interest, it is the same as if they, not he, had paid for them originally. So that there is really no substantial objection to the report in this particular in *this* case; although cases might arise in which the rule contended for by the defendant, would be the right one.

The judgment below ought to have overruled all the exceptions on both sides, and confirmed the report. And that will be the judgment of this court.

PER CURIAM. Judgment here for the plaintiff according to the report.