WILLIAM DANIEL and wife v. WILLIAM CRUMPLER.

Although a parol contract to convey land is void by our Statute of Frauds, (Bat. Rev. chap. 50, sec. 10,) yet, if the vendee relying thereupon pays the purchase money, and makes improvements, he cannot be ousted until the vendor repays the purchase money, and makes compensation for the value of the improvements:

*Therefore*, upon the trial of an action for the recovery of land, for the purpose of supporting the equitable counter-claim of the defendant, evidence is admissible to show: That A executed a deed to the defendant for the *locus in quo*, and that at the time of executing said deed, A, the plaintiff, and the defendant, both believed that A held the legal title thereto, in trust for the plaintiff; that the plaintiff sold the land, received the purchase money, and directed the land to be conveyed to the defendant; and that the defendant entered upon and improved the land, with the consent and approval of the plaintiff: it is also admissible to prove the value of the improvements.

(*Baker* v. *Carson*, 1 Dev. & Bat. Eq., 381 ; *Albea* v. *Griffin*, 2 Dev. & Bat. Eq., 9; *Pope* v. *Whitehead*, 68 N. C. Rep., 191; *Wetherell* v. *Gorman*, 74 N. C. Rep., 603, cited and approved.)

CIVIL ACTION, to recover two acres of land, tried before SEYMOUR, J., at the January Term, 1876, of the Superior Court of WAYNE County.

All the facts pertinent to the case, as decided in this Court, are fully set out in the opinion of Justice RODMAN.

On the trial in the Court below, his Honor refused to re-

ceive certain evidence (detailed in the opinion of the Court) offered by the defendant, and gave judgment absolutely for the plaintiff.

From this judgment defendant appealed.

*Faircloth & Grainger,* for appellant.
*Smith & Strong* and *Smedes,* contra.

RODMAN, J. The land in dispute is two acres out of a tract assigned to the *feme* plaintiff as dower, she being the widow of Dickson Thompson. In 1839, she went into the actual occupation of all her dower land except the piece in dispute, and was in the constructive possession of that piece until 1859, when the defendant took possession of it, and has lived on it ever since, and made improvements on it with the knowledge of plaintiffs, and without objection from them, until the institution of this suit on 12th September, 1870. The *feme* plaintiff married the other plaintiff in 1846.

On this case the plaintiffs were entitled to judgment for the possession of the land. The defendant, however, in support of an equitable counter-claim to the value of his improvements, less the annual value of his occupation, offered to prove:

1. " That in 1859, one Haywood Ham executed a deed of conveyance to the defendant for the said two acres, and that the plaintiffs, the defendant and Ham, understood and believed that said Ham held the legal title to said land in trust for the plaintiff.

2. " That the plaintiff sold said two acres, received the purchase money, and directed said deed to be made to defendant, and that he possessed and improved said two acres with the consent and approval of the plaintiffs.

3. " The value of said improvements."

The Judge refused to receive this evidence.

There was judgment that plaintiffs recover the possession and damages, from which defendant appealed.

We suppose that the Judge rejected the evidence because in his opinion it was immaterial, and did not tend to support any available defence, legal or equitable.

In this we think he was in error. It tended to prove what was equivalent to a parol agreement by plaintiffs to convey the land, and acceptance of the purchase money from the defendant, or from some one from him, and that on the faith of this contract, the defendant entered and expended money in improving.

It is settled law in this State that although a parol agreement to convey land is void by our Statute of Frauds, (Bat. Rev., ch. 50, sec. 20,) yet if the vendee in reliance on it pays the purchase money and makes improvements, he cannot be evicted until the vendor repays the purchase money and makes compensation for the value of the improvements. *Baker* v. *Carson,* 1 Dev. & Bat. Eq., 381 ; *Albea* v. *Griffin,* 2 Dev. & Bat. Eq., 9. The doctrine stands on general principles of equity. It is extended by chap. 147 of Acts of 1871–'72, Bat. Rev., chap. 17, sec. 262, &c., (which however was not passed until after the commencement of this action,) to cases in which it had not before been held in this State to apply. An illustration of the principle in the case of partition among co-tenants is found in *Pope* v. *Whitehead,* 68 N. C. Rep., 191.

The rule for estimating the value of the improvements is declared in *Wetherell* v. *Gorman,* 74 N. C. Rep., 603. It is not what they have cost the defendant, but how much they have added to the value of the premises. See also Act 1871–'72, chap. 147, Bat. Rev., chap. 17, sec. 262, d.

If the equitable defence or counter-claim of the defendant shall be established in his favor, a question may arise as to what share of the value of the improvements estimated by the rule referred to, the plaintiff must pay. She has but an

estate for life.   The improvements, we may suppose, add to the value not only of her life estate, but of the inheritance. Whether the *whole* increased value of the lands must be paid by her, leaving it to her to recover out of the reversioners their equitable proportion, if she can, or whether she shall pay for the improvements only their value *to her estate,* leaving it to the defendant to recover the residue of the value out of the reversioners, if he can, are questions of importance.   They are provided for by the Act of 1871–'2 above cited as to cases where that act is applicable.   Whether that Act is retrospective and applies to defendant's case as a legislative enactment, or whether the principles there stated are general principles of equity and applicable to it by their virtue as such, it is unnecessary for us to consider.

We are of opinion that as the rejected evidence went not to impeach the plaintiff's legal right, but only to support the equitable counter-claim of the defendant, the judgment here should be to affirm the judgment below, which determines only the legal right to possession in the plaintiffs, with a stay of execution until the equitable rights of the defendant shall be ascertained, and execution be ordered to issue.   This is an analogy to what would have been the former practice, if after a judgment at law in ejectment the defendant had filed his bill in equity to restrain execution and to have the equitable relief which he claims by his counter-claim.   The defendant's right to the relief must be ascertained according to the course of the Court.

Judgment below affirmed, and ordered that the writ of possession be stayed until the further order of the Superior Court, to which the case is remanded to be proceeded in, &c.

The defendant will recover his costs in this Court.

PER CURIAM.                                   Judgment affirmed.