IRVIN BEAMAN v. CALVIN SIMMONS.

*Executory Contract—Implied Promise.*

Upon the cancellation of an executory contract concerning the sale of land, the law implies a promise on the part of the bargainor, to repay such amounts as may have been paid to him as part of the purchase money.

(*McMillan* v. *Edwards*, 75 N. C. 81 ; *Triplett* v. *Witherspoon*, 74 N. C. 475, cited and approved.)

ACTION for money had and received, tried in a Justice's Court of WAYNE County, where judgment was given for plaintiff for $113.35. The defendant appealed to the Superior Court of said County, and the case was tried at Fall Term, 1876, before *Seymour, J.*

After the witnesses for plaintiff were examined—the substance of whose testimony is stated in the opinion of this Court—His Honor intimated an opinion, that plaintiff according to his own showing, was not entitled to recover. Whereupon plaintiff submitted to judgment of nonsuit and appealed.

*Mr. H. R. Kornegay*, for plaintiff.
*Messrs. Smith & Strong*, for defendant.

FAIRCLOTH, J.  The defendant contracted orally, to sell a tract of land to the plaintiff, and subsequently agreed that one Hicks might come into the trade equally with the plaintiff.  On the next day the three parties met together, and the defendant made a conditional deed to Hicks for the land and the plaintiff paid in cash $100 of the purchase price, and he and Hicks gave their notes to the defendant for the balance of the purchase money and took possession of the land.  Subsequently a doubt was suggested, as to the validity of defendant's title, and the parties met and mutually agreed to cancel the trade ; when Hicks gave up his deed which was never registered, and the defendant tore off his name and gave up their notes, and took possession of the land, and agreed to pay the plaintiff back his $100, and some amount for taxes which plaintiff had paid at defendant's request.

Upon these facts His Honor was of opinion, that the plaintiff could not recover, but we see no reason why he should not.

The contract was executory, and the mutual agreement to cancel it, was as binding as the original contract.  No title had vested in Hicks except conditionally, because the deed was not registered, McMillan v. Edwards, 75 N. C. 81, Triplett v. Witherspoon, 74 N. C. 475; and he therefore had a right to surrender the deed, which was simply evidence of the agreement as it then stood ; and the plaintiff had a right to surrender his possession and any equity he may have had ; both of these acts being done with consent of the bargainor.

As soon as these mutual acts were done, the law implied a promise on defendant's part, to pay to the plaintiff the $100 which had been paid by him, and at this point the plaintiff had a right to recover.  He also had a right to recover on the express promise of the defendant to pay back the money.  The mutual promise to cancel, avoiding litigation in regard to defendant's title, the surrender of posses-

session and the inconvenience to which the plaintiff had been subjected, were ample considerations for the express promise of the defendant to pay the money to the plaintiff.

There is error. Let this be certified &c.

PER CURIAM. *Venire de novo.*