A. C. VANN et al. Executors of JOSEPH NEWSOM v. JOHN F. NEWSOM.

*Frauds, statute of— Vendor and Vendee—Judgment—Betterments— Will—Election—Limitations, statute of.*

1. The vendor, in a parol contract to convey land, will not be permitted to evict a vendee who has entered and made improvements, until the latter has been repaid the purchase-money and compensated for betterments.

2. A devisee is not compelled to make an election until he has had an opportunity to determine on which side his interest lies, but there must not be such unreasonable delay as to injure rights acquired by others.

3. Where the devisee of a tract of land charged with the payment of a legacy had been in possession, under a verbal promise from the devisor to convey, for several years before the death of the testator, made no election until more than three years, and when he was sued by the executors to enforce the charge: *Held,* that he might then make his election, and was not barred by the lapse of time from setting up his claim for betterments.

4. In such case the decree should direct a sale of the land, and that the proceeds should be applied first to the satisfaction of the sum ascertained to be due the defendant vendee for betterments, and then, if there is a surplus, to the payment of the amount charged upon the land by the will.

CIVIL ACTION, tried at Fall Term, 1891, of HERTFORD Superior Court, before *Brown, J.*

The complaint states that the plaintiff's testator, Joseph Newsom, died in 1886, and that by section 4 of his will he devised to the defendant John F. Newsom the tract of land whereon he lived, in Hertford County, charged with the sum of $400, with interest from May 31st, 1884, to be paid in a reasonable time after the death of the testator, and that the defendant claims and occupies the same under the will, but has failed and refused to pay the said sum charged upon it after demand by plaintiff. Wherefore, plaintiff demands judgment that the land be sold under order of Court to pay said sum with interest and costs.

The defendant, among other things in his answer, alleges that he is the only son of the testator, and lived with his father from infancy until several years after his majority; that he worked on the farm as a common laborer, etc.; that his father, being desirous of compensating him and of starting him in life, made a verbal gift of the land to the defendant and promised to execute to him a sufficient conveyance therefore; that defendant desiring to build, and not having a deed for the land, purchased an adjoining tract and was about to build on it, when his father urged him to build on the land he had given him, saying that defendant would show a lack of confidence in him not to do so, as he had given the land to defendant; that defendant, relying upon said verbal gift and being influenced by said statements of his father, entered upon the land, erected valuable buildings thereon, etc.; that no conditions were annexed to the gift, and since 1877 the defendant has been in the actual, open, notorious and adverse possession of the same, claiming it as his own, etc.; that the heirs at law of the testator are necessary parties to the action. Wherefore, defendant demands judgment that plaintiffs recover nothing, and for judgment against them for the sum of $874.38, with interest, etc.

In the plaintiffs' reply, they say, among other things, that the indebtedness, if any, as alleged as a counter-claim, became due more than three years before the commencement of the action, and is therefore barred by the statute.

The issues submitted, and the responses thereto, were—

1. Did Joseph Newsom, the testator, charge the land with $400, as alleged? Yes.

2. Did defendant refuse to pay the same upon demand made by plaintiff? Yes.

3. What is the actual value of the rents and profits, exclusive of improvements, from the time of the probate of the will up to the trial? Eighty-five dollars.

4. Did testator make a parol gift of the land some years prior to his death to defendant, as alleged in the answer? Yes.

5. If so, did defendant, in consequence thereof and in the testator's life-time, place valuable improvements on the land, and if so what is the value of the improvements? Three thousand dollars.

6. What was the actual value of the land at the commencement of this suit, exclusive of improvements? Three hundred and thirty dollars.

Thereupon the Court adjudged that defendant is entitled to a lien on the land for $2,915, and that he is entitled to the possession of the land until said lien is paid; that plaintiffs are entitled to a second lien thereon for $400, with interest, etc. It is further adjudged that the land be sold by commissioners, etc., the sale to be reported to the next term of Court, from which plaintiffs appealed.

The last clause of the will is: "I devise to my son John F. Newsom the tract of land on which he now resides in fee, subject to this condition, that he pay over to my executors, in a reasonable time after my death, four hundred dollars, with interest at six per cent. from May 31, 1884, the same

being an advancement, and shall be a charge on the land herein devised."   .

No counsel for plaintiffs.
Mr. B. B. Winborne (by brief), for defendant.

AVERY, J.: "Where a plaintiff declares upon a verbal contract void under the statute of frauds, and the defendant either denies that he made the contract, or sets up another and a different agreement, or admits the oral agreement and pleads specially the statute, the plaintiff cannot recover." Browning v. Berry, 107 N. C., 231; Morrison v. Baker, 81 N. C., 76; Young v. Young, Ibid., 91; Gulley v. Macy, 84 N. C., 434; Bonham v. Craig, 80 N. C., 224; Holler v. Richards, 102 N. C., 545; Cox v. Ward, 107 N. C., 507; Dunn v. Moore, 3 Ired. Eq., 364. When equitable relief could not be granted · in what was technically known as an action at law, though a vendee, who had taken possession of land under a parol contract for the purchase, and had enhanced its value by making permanent improvements, could not enforce the contract in a court of equity, he could, when the vendor brought ejectment to oust him, invoke the aid of a chancellor to restrain further proceedings at law until the vendor reimbursed the purchase-money paid under the verbal agreement and compensated the occupant holding the land under it for the additional value imparted to the property by the improvements. Baker v. Carson, 1 Dev. & Bat. Eq., 381; Albea v. Griffin, 2 Dev. & Bat. Eq., 9. In Baker v. Carson, Chief Justice RUFFIN called attention to the fact that the court of equity was not asked to enforce the agreement, but to prevent fraud by restraining the defendant "from the. exercise of her legal power to turn him out of house and home, unless she will consent to do what conscience requires:. make him an equivalent for the worth of his labor, dishonestly taken to herself." That labor was expended in improv-

ing a tract of land in which the plaintiff, Baker's wife, was a tenant in common in the remainder, and which he was induced to improve under a promise from the life-tenant, who was his wife's mother, that she would convey to him her interest. In that case, therefore, a parent, by making a parol gift for the purpose of benefiting a child, had, as in our case, induced the expenditure of money which enhanced the value of the land donated.

The same relief was granted and the same principle was recognized under *The Code* practice by allowing an equitable counter-claim for improvements to one holding under a verbal agreement for the purchase of land. *Daniel* v. *Crumpler*, 75 N. C., 184; *Pope* v. *Whitehead*, 68 N. C., 191; *Wetherell* v. *Gorman*, 74 N. C., 603; *Pitt* v. *Moore*, 99 N. C., 85; *Hedgepeth* v. *Rose*, 95 N. C., 41. In *Daniel* v. *Crumpler*, the Court said: "It is settled law in this State that although a parol agreement to convey land is void by our statute, yet if the vendee, in reliance on it, pays the purchase-money and makes improvements, he cannot be evicted until the vendor repays the purchase money and makes compensation for the value of the improvements." A similar principle was announced by the present Chief Justice in *Tucker* v. *Markland*, 101 N. C., 422, where he said for the Court: "It seems that, having paid the money, he took possession of the land in pursuance of his supposed right under the voidable contract of purchase, and with the sanction of the vendor. It would be inequitable and against conscience to allow the latter to turn him out of possession thereof without restoring his outlay in cash, and for valuable improvements put on the land while so in possession." That such contracts are only voidable, and may be ratified in writing or repudiated at the option of the vendors, is recognized and established by numerous other authorities besides the case of *Tucker* v. *Markland, supra.*

The question discussed in *McCracken* v. *McCracken*, 88 N. C., 283, is not, as was suggested in the brief of counsel, raised in this case.  If the defendant had brought the action to enforce the parol contract, the relative position of the parties would have been the same as in that case.  But the defendant chose to hold the possession of the land, upon which he had entered in 1878, under the verbal agreement of his father to convey, from his father's death in 1886 till October 4, 1889, when this action was brought by the executors of the father's will, who then for the first time acted upon the repudiation of the agreement by the father in the will.  The agreement being not void, but merely voidable, the defendant was guilty of no laches in awaiting the action of the executors or the residuary legatees for three years after the father's will, in which he repudiated the agreement, was proved.  The defendant was under no legal duty or obligation to become the actor and bring suit against the proper parties to have his claim for betterments declared a lien upon the land and enforced as such, until the legatees or the executors had manifested a purpose to enforce the charge upon the land imposed by the will.  He waited but one year beyond the limit prescribed by law for the personal representative, in the absence of good reason for postponement, to settle the estate.

There is no direct testimony to show that the defendant elected to take under the will.  He was not compelled to elect until he had had opportunity to determine on which side his interest would lie.  *Dunlap* v. *Ingram*, 4 Jones Eq., 178.  In the absence of statutory provision on the subject, the time in which the right of election must be exercised is not limited definitely, but there must not be such unreasonable delay as to injure rights acquired by others.  *Tibbetts* v. *Tibbetts*, 19 Bes., 663 ; *Cooper* v. *Cooper*, 77 Va., 198 ; *McCracken* v *Findley*, Sneed Reports, 195.

It does not appear from the statement of the case or the findings of the jury, when or how he manifested his purpose to claim compensation for the permanent improvements made by him. But if he deferred to do so till this action was brought, or until the preliminary demand for the amount of the legacy charged upon the land was made, the delay affected no after-acquired right in the land, nor did it tend in any way to prevent the executors or legatees from enforcing their rights under the will. Had he brought his action for betterments, he would have incurred the risk (which the majority of the Court seem to have considered fatal in *McCracken* v. *McCracken, supra*) of meeting and overcoming the plea of the statute of frauds offered by parties who were not under that obligation to do equity which is imposed on those who ask it. 3 Pom. Eq. Jur., §§ 1238 to 1243. If the action for betterments had been brought and the act of 1819 had been specially pleaded in bar of recovery, the question so ably discussed in *McCracken* v. *McCracken, supra*, would have been again directly brought before us for review. *Dunn* v. *Moore,* 3 Ired. Eq., 364. The jury found that the defendant entered under a parol gift and promise to convey, as in *Baker* v. *Carson, supra*, upon a tract of land worth at that time $330, and placed upon it improvements valued at $3,000. These facts constitute a case differing from *Baker* v. *Carson* only in this, that in our case the parol gift was from a father to his son of an estate in fee-simple, while in *Baker* v. *Carson* the gift of a life-estate in land was made by a mother to a daughter's husband to induce him to settle upon it.

The right of the defendant rests on a well-established principle of equity which has been recognized by this Court and affirmed by our statute (*The Code,* § 476). *Daniel* v. *Crumpler* and *Baker* v. *Carson, supra.* It does not appear that the defendant accepted any benefit under the will, or that his conduct was inconsistent with a purpose on his part to await the action

of the executors or the devisees, and when they should move,
to set up his claim for betterments and ask to have it declared
a lien superior to that of the legacies made a charge upon it.
The defendant is neither seeking to enforce the parol promise
nor to recover damages for non-performance; therefore, in
any view of the case, he had a right to demand that the
executors should not be allowed to bestow as a bounty of
the testator the price of the land, until the enhanced value
imparted by the improvements which the testator induced
him to make had been paid for by those claiming under the
will, or out of the rents of the land upon which it was a first
lien.  As the courts of equity, under our former practice,
restrained proceedings to acquire possession in such cases,
and under the new procedure refused their aid to oust a
parol vendee or donee until satisfied in some way as to the
securing of such compensation for the occupant, so, upon
the same principle, a devisor who, by giving land to his son
unconditionally, induced the latter to enhance its value by
improvements, may repudiate the agreement in his will; but
if the land is to be converted into money under its provisions,
the donee must be declared in the decree of sale entitled, in
any event, to a first lien for the additional value imparted to
the land by permanent improvements placed upon it during
his occupancy under the agreement.  The Court, it seems,
was governed by the principle laid down in *Hedgepeth* v.
*Rose, supra,* in adjudging that no rent should be allowed
until the permissive occupancy terminated, and that the
defendant should hold the possession until the sum allowed
by the jury for betterments, after deducting the value of
rents found in the same way, should be satisfied.  But in
adjusting the equities upon that plan, there was no provision
for ascertaining the value of accruing rents, in case the defend-
ant should remain in possession, and for applying it, as it
accrued, in discharge of the balance due him upon the claim
which constituted a lien, and to secure which he was to hold

110 — 9

the premises.   Our case, however, presents entirely a different question from those which the learned Judge evidently followed in framing the judgment, and is somewhat analogous to that of *Pitt* v. *Moore, supra,* in the fact that there was another charge upon the land subjecting it to liability to be sold.

It seems to us just and equitable that the land should be sold by a commissioner under the direction of the Court, and upon confirmation of the sale and payment of the amount of the bid should pass to the purchaser, under the deed of the commissioner, discharged of all liens.   The defendant can bid up to the full amount of the balance of his claim, after deducting the sum due for rents.   If the land should fail to bring more than the amount due him, he will become the owner by virtue of his purchase, if the Court confirm his offer, and will occupy precisely the same status as if the testator had ratified his parol agreement by executing a conveyance before his death.

If the land should sell for a sum more than sufficient to discharge the defendant's lien, the excess, after satisfying the costs out of it, should be applied to the payment of the legacies made a charge upon the land by the terms of the will. The plaintiff cannot be prevented by a void agreement from selling, when the equitable right of the defendant can be protected either by allowing him to receive the land or retain the money.   The defendant having established his disputed right to betterments, is entitled to recover costs under the statute (*The Code,* § 528).   *Cook* v. *Patterson,* 103 N. C., 127. The sureties on the prosecution bond would be liable for as much of defendant's costs as should not be satisfied out of the excess of the bid over the balance due for betterments.

The judgment below will be modified in accordance with the principle stated.   The appellant must be charged with the costs of the appeal.

Modified and affirmed.