H. WEIL & BROS., v. SAMUEL FLOWERS, et al.

*Action to Redeem Land—Mortgagor and Mortgagee—Vendor and Vendee—Purchase of Land by Mortgagee from Mortgagor —Implied Promise.*

Where F. bought land from B. and reconveyed, by way of mortgage, to secure his note for the purchase money, and afterwards, by bargain and sale and not by way of *rescission* of the trade with B., conveyed the land to W., who had purchased such note. *Held*, that there was no implied promise on the part of W. to repay to F. any part of the money he had paid on the note or for improvements on the land prior to the conveyance.

CIVIL ACTION, tried before *Allen*, *J.*, at Fall Term, 1897, of DUPLIN Superior Court. There was judgment for the plaintiffs and defendants appealed.

*Messrs. Allen & Dortch*, for plaintiffs.
*Mr. W. C. Munroe*, for defendants (appellants).

FURCHES, J.: The defendant, Flowers, bought the land in controversy from one Barfield, and executed his note and a mortgage on the land bought to secure the payment of purchase money. This trade and mortgage were made in 1888, and soon thereafter Barfield traded and assigned this note and mortgage to the plaintiffs. Thereafter, and before the 5th of March, 1895, the defendants paid the plaintiffs a part of the money due on their note as a part of the purchase money, and did ditching and clearing on the land which enhanced its value. And defendant, Flowers, says that the money so paid and the value of the ditching and clearing .

(which he calls improvements) amounted to more than the rental of the land, and he asks that he be paid the difference.   These allegations are denied by the plaintiffs, who say they did not amount to more than the rental of the land, which the defendant has had since 1888 to 1895, inclusive.   That on the 5th of March, 1895, the defendants conveyed the land to the plaintiffs in fee simple "in payment of the purchase money."

It is agreed by the parties, and made a part of the statement of the case on appeal, that the defendant does not now claim that there was fraud, nor does he want the transaction of the 5th of March, 1895, annulled and vacated, but wishes it to stand.   It is also agreed and made a part of the case that there was no agreement that plaintiffs should pay defendants back any part of the money he had paid them, nor · that they should pay him for what he calls improvements.   But he alleges that the law implied a promise to pay the defendant what he had paid, and for the ditching and clearing, less the value of the rentals that defendant had received.   And for this position he cites *Beaman* v. *Simmons*, 76 N. C., 43; *Smith* v. *Stewart*, 83 N. C., 406; *Wilkie* v. *Womble*, 90 N. C., 254, and other cases to like effect.   But these cases do not sustain the defendant's contention. *Beaman* v. *Simmons* was where an incomplete sale of land was *rescinded* by mutual consent of the parties; and where there was also a promise to repay that part of the purchase money that had been paid.   It is true that the Court there held that the law implied a promise to repay, without the express promise.

The case of *Smith* v. *Stewart* was a *rescission* of a contract to sell, and is governed by the same principle as that announced in *Beaman* v. *Simmons*.

*Wilkie* v. *Womble* was where the bargainor refused to carry out a parol contract to sell land, after receiving a part

of the purchase money, and the Court held he was liable for it and the bargainee might recover it back. All this is undisputed law, but none of it fits the defendant's case. His is not the *rescission* of a contract to purchase, nor is it a parol contract to sell land, where the bargainor refuses to carry out the contract.

In this case, the defendant Flowers bought of Barfield, and afterwards *sold and conveyed* to the plaintiffs. Plaintiff's derive their title from the defendant Flowers, and hold under him. They do not hold under an original title in themselves, as they would do if they had sold to the defendant and the trade was afterwards rescinded.

Defendant cites *Hall* v. *Lewis,* 118 N. C., 509, but that case has no application to the case under consideration, as no fraud is alleged in this case and it is expressly stated that defendant wants the sale and deed of the 5th of March, 1895, from him to plaintiffs, to stand.

As we have seen that this is a *sale* and not a *rescission* of a contract, the defendant has no ground to stand on in support of his contentions. There is no error and the judgment is affirmed.