LINUS NORTH et al v. ALBERT BUNN et al.

(Decided April 12, 1898.)

*Action for Recovery of Land—Specific Performance—*
*Statute of Frauds—Parol Contract.*

1. A parol contract for the conveyance of land being void under the Statute of Frauds, no evidence relating to it, if denied, is admissible.

2. Where the plaintiff in an action for the recovery of land shows title, and the defence is inadmissible, he is entitled to judgment.

3. Where, in an action for the recovery of land, the defendant seeks the enforcement of a parol contract by which plaintiff was to convey the land (on which defendant had made improvements), in consideration of the defendant's obtaining the conveyance to plaintiff of another tract of land, which defendant had done, the Court should allow such amendments of the pleadings as to admit all proper evidence concerning the agreement, to the end that the mutual equities may be enforced.

4. The rule that one who contracts to sell land, and receives the consideration and refuses to convey for any reason, cannot keep both the land and the money, applies to *feme coverts;* and while a Court cannot compel a married woman to execute and acknowledge a deed as of her own free will, it can declare the price paid to be an equitable lien on the land in favor of the other party, so that if she keeps the land she must pay the amount of the lien.

CIVIL ACTION tried at Fall Term, 1897, of TRANSYL-
VANIA Superior Court before *Norwood, J.*, and a jury.
There was a verdict for the plaintiffs, and from the judgment thereon the defendants appealed. The facts appear in the opinion.

*Mr. Geo. A. Shuford,* for plaintiffs.

*Messrs. Gash & Pless,* for defendants (appellants).

FAIRCLOTH, C. J.: This is an action for possession of land and damages, etc. The case is stated as follows: "The plaintiffs introduced in evidence a regular chain of title from the State to the *feme* plaintiff, Sophie E. North, and showed the defendants to be in possession of that part of the land laid down on the map as forming a triangle and represented by the figures "1," "2" and "3," and offered evidence as to the value of the rents and profits, and here closed their case.

"The defendants thereupon offered to prove by the defendant, Kitty Bunn, that she went into possession of the land in controversy under a parol agreement with plaintiffs, and offered parol evidence to prove the contents of a letter from the *feme* plaintiff, Sophie North, to the *feme* defendant, Kitty Bunn, now lost, in which said letter the plaintiff, Sophie North, offered, as defendants allege, to the *feme* defendant, to convey to her the land in dispute, if said defendant would buy from one Samuel King another strip of land and have the same conveyed to the *feme* plaintiff; and that said offer was accepted, and to comply therewith the said *feme* defendant paid the said King for the said strip of land and had the said King to make and deliver to the *feme* plaintiff a good and sufficient deed for the said strip of land described by the said plaintiff; that by reason of the said agreement the plaintiffs allowed the said defendant to improve and occupy the land in dispute for about five years; that said land was greatly improved and enhanced in value by the defendants, over and above any rents and profits due the plaintiffs. (To the introduction of this evidence the plaintiffs objected, and the ob-

jection was sustained by the Court, and the defendants excepted).

" The defendants also offered to prove by Linus North, who was offered as a witness by the plaintiffs, on the cross-examination of said witness, to prove that there was a parol contract by which plaintiffs agreed to convey the land in dispute to the *feme* defendant, if the defendants would purchase and convey to the *feme* plaintiff the land embraced in the figures "4," "5" and "6," represented on the plat, and that the defendants did purchase and caused to be conveyed to the said plaintiff the said land, and that the plaintiffs are now in possession of the same. (This evidence was objected to by the plaintiffs, and the objection sustained by the Court, and the defendants excepted).

" No other or further evidence was offered by the defendants, and the Court thereupon submitted the following issues to the jury, to-wit:

1. 'Is the plaintiff, Sophie E. North, the owner of the land described in the complaint?

2. 'Are the defendants in the unlawful possession of the land or any part thereof?

3. ' What damage has the plaintiff sustained by reason of the unlawful possession of said land by the defendants?'

" The jury answered the first and second issues in the affirmative, and assessed the plaintiffs' damage at $—, and the Court thereupon rendered judgment for the plaintiffs, as appears in the record, and the defendants excepted and appealed from the same to the Supreme Court."

The contract for the conveyance of the land in dispute, being in parol, and denied, cannot be enforced by reason of the Statute of Frauds. When the contract is

denied the Court cannot hear proof of a void contract. *Dunn* v. *Moore*, 38 N. C., 364. The evidence of such contract was, therefore, properly excluded. The plaintiff having shown title, was entitled to a verdict and judgment for possession. This would ordinarily terminate the action, but the defendant has averred facts in her answer which, if true, would give her relief in a court of equity, and we think it can as well be administered in this action as another. When the case goes down for trial the Court has power, and it would be proper to allow the parties to so amend the pleadings as to admit all proper evidence as to the agreements, the rents, improvements, etc., to the end that the mutual equities may be enforced. This relief is not founded upon the existence of any contract sought to be executed, or for the breach of which compensation or damages were asked for. It is an appeal to the Court to prevent *fraud*. The real parties, plaintiff and defendant, are married women. It is a rule in our law that one who contracts to sell land and receives the consideration, and refuses to convey for any reason, cannot keep the land and the money also, and this rule applies equally to *feme coverts*. The Court cannot compel a married woman to execute a deed and acknowledge its execution as of her own free will, but it can declare the price paid to be an equitable lien in favor of the other party, so that, if she keeps the property, she must pay the amount of the lien. *Burns* v. *McGregor*, 90 N. C., 222.

. If the defendant's averments, in part or in whole, are sustained on the inquiry, then the full equitable rights of both parties must be administered, as to both tracts of land. *Vann* v. *Newsom*, 110 N. C., 122.

122—49

If it is true that defendant paid the whole purchase price for the land conveyed by King to the plaintiff in pursuance of the alleged agreement, then that land is her property, subject to any equity found in the further investigation in favor of plaintiff, and she would be entitled to such conveyance as the Court shall direct. *Code*, Section 426.

The plaintiff's judgment must be modified according to the principles herein indicated, and with that modification it is affirmed.

Modified and affirmed.