## J. T. LAMM v. ALBERT B. LAMM.

### (Filed 21 March, 1934.)

APPEAL by plaintiff from *Barnhill, J.,* at November Term, 1933, of WILSON. Affirmed.

This is an action brought by plaintiff against defendant to recover the sum of $1,400 for breach of contract and also on *quantum meruit.* The plaintiff alleges that the defendant, his father-in-law, had about 56 acres of land in low state of cultivation and in the beginning of the

year 1918, he agreed with him that if he would build a house and improve the land, he would convey the land to him in fee simple. That he performed his part of the contract in about one year, and expended some $1,400. That the defendant breached his contract by deeding the land in fee simple on 18 December, 1931, to one Sid Page and he had to surrender the land to him. The defendant pleaded the three-year statute of limitation.

*Finch, Rand & Finch and David W. Isear for plaintiff.*
*W. A. Lucas for defendant.*

PER CURIAM. The court below at the close of plaintiff's evidence sustained a motion made by defendant for judgment as in case of nonsuit. C. S., 567. In this we can see no error. The defendant practically each year promised to make title to plaintiff, but never did so. Plaintiff testified: "After I built the buildings I asked him for a deed. At that time he was having a line dispute with an adjoining landowner and he told me there was a little corner and he did not know who would draw it. His sister might draw it. He said he might get it. That was the reason he put me off the first time and he kept putting me off each year. . . . He refused every time I made a demand on him. I was in possession of the place thirteen or fourteen years. I paid taxes on it. I had it cultivated."

The present case is distinguishable from *Vann v. Newsom,* 110 N. C., 122. The judgment below is

Affirmed.