Tateok, Chief-Justice,
 

 delivered the opinion of the Court:
 

 This action is founded upon a covenant of general warranty, which is subject to the same construction with a covenant for quiet enjoyment $ and it is essential, in this action, that the Plaintiff assign as a breach, an ouster or eviction, by a paramount legal title. It is stated in the declaration, that Nance and Thompson, tenants in possession, under the Plaintiff, were legally ejected, j and the case more particularly specifies, that the Plaintiff had conveyed the land to those persons, who defended the ejectment on the strength of his title. Two objections are made to the Plaintiff’s recovery $ the first, that the deed from the Defendant contained no covenant for warranty or quiet enjoyment to the Plaintiff: secondly, that if it did, the Plaintiff could not recover until Nance and Thompson had recovered from him. The premises of the deed declare, that the Defendant has sold to the Plaintiff a fee simple estate ¿ and the
 
 habendum
 
 limits the said estate to the Plaintiff, his heirs, executors, administrators and assigns for ever; but the clause of warranty does not express to whom it shall enure. The ordinary rules of construction woqld seem sufficient to
 
 *412
 
 remove this
 
 difficulty;
 
 as it is the nature of a warranty ^0 run with the
 
 estate;
 
 but
 
 Coke
 
 states the case,
 
 “
 
 though in the clause of the warranty it be not mentioned to w|lomy^c. yej- s])ajj be intended to the feoffee.”—(Co.
 
 Litt.
 
 384.) The objection, therefore, cannot prevail. There is nothing conclusive in the recovery of the land by ejectment, as against the Defendant. He was still at liberty to controvert the title of Carson and the other Plaintiff in the ejectment, and shew, if'he could, that their title was not superior to the one he sold. It cannot make any difference to him, therefore, whether Her-ían chuses to stand a suit or not. .The only consequence would be, an increase of costs, which he must ultimately pay. The Plaintiff had a clear right to pay the money, as soon as the eviction by a better title was ascertained to his satisfaction, and to bring this suit immediately afterwards. A new trial is refused on both grounds.