Ruffin, Chief Justice.
 

 The court does not perceive a ground for a decree in favour of the plaintiff, upon his bill; much less for continuing the preliminary injunction granted to him. Upon the face of the bill, there is an admission that the legal estate' which descended to the defendant, was not divested by the sheriff’s sale, because the defendant had not been made a party to the proceedings at law, commenced against her ancestor. If then it be yielded that a creditor can file against the heir a bill in the courts of equity of this state, either on behalf of himself and the other creditors, or of himself alone, for an account of the real estate, and for satisfaction out of it, yet it is clear there can be no relief against the heir, without first taking an account of the personal estate. To such a bill, therefore, the personal representative is an indispensable party. The heir has a
 
 right to
 
 assistance from that quarter,
 
 to contest the
 
 debt, to establish a payment of it; and finally to have it satisfied out of the personal estate, as the primary fund, if there be any. Here the administratrix is not made a party, but the plaintiff contents himself with alleging that the intestate was indebted beyond the value of his personal assets, without even stating that those assets were inadequate to pay the judgment creditors under whom he claims. The bill, when it comes to be heard, must therefore be dismissed, unless it should be altered by substantial amendments. At present, our view is limited to the order dissolving the injunction, from which the appeal was taken. The equity of the plaintiff, which is essential to every step he can take against the heir, depends upon the deficiency of the personal
 
 *439
 
 assets. That is to be established either by the admissions of the heir, or by an account taken in the cause. Under this bill, it cannot be in the latter mode; because the personal representative is not before the court. The plaintiff has chosen to rely upon the answer of the defendant, upon that point. But the answer does not admit, that the assets which came to the hands of the administratrix, were insufficient to pay the debts; and on the contrary, insists that they were fully sufficient. Upon a motion to dissolve the injunction, at least, that precise denial in the answer, is conclusive.
 

 At law, the tiüed to^” possession judgment s*n(j soinequi-^’a^sta creditor not )iejvta is tu a decree-
 

 But if the administratrix were a party, and every thing else were right, so that upon the hearing, it would be clear that the plaintiff was entitled to satisfactioh out of the real estate, his Honor’s decree would still be proper. Until a decree, the plaintiff has no right to the possession of the land, but the right to the estate, and the possession is perfect in the heir. A ^creditor cannot, enter upon the lands of a deceased debtor, and keep out the heir upon any principle recognized by this court, more than he can by any rule of law. The heir is, at law,.entitled to the issue and profits, and also to the lands until a judgment against him, and a sale under it; and likewise in equity, until his liability has been ascertained by a decree. As the sale upon execution under which the plaintiff claims, was altogether inoperative, he can have no higher equity than the general one belonging to the creditors, to whom he seeks to be substituted ; and of course he cannot intrude as yet, between the defendant and her inheritance. The special matter charged in the bill, that the defendant is insolvent, and intends to sell the land, which is insisted on in argument, as a peculiar equity in this case, does not, in our opinion, vary the rights of the parties. It could at most, only be a ground for restraining the defendant from selling, and for a motion for the appointment of a receiver; it is none for prohibiting her from entering, or for protecting the plaintiff’s unlawful possession. The motion for a receiver, the plaintiff has not made; possibly, among other reasons, because one of the'first duties of that officer would be to
 
 *440
 
 collect from the plaintiff, the mesne profits received by him, and bring them into court in the cause. There is also no necessity for an injunction against a sale; for, while pvo-cess sued, annuls at law the voluntary alienation of the heir, there is no doubt that a purchase
 
 pendente lite,
 
 is treated in the same manner in this court.'
 

 haviííf40 dower witSrifan actual as-o'fii^does not either at law or m equity, re-heir’s^ right to the possession.
 

 It was further contended at the bar, that there ought to be relief, and an injunction in the meantime, in respect of the dower; but upon that point also, we think the plaintiff must fail. The bill in the first place, does not state that the widow is yet living, so as to show that her claim to dower is a subsisting one. If that defect were supplied, there are other objections equally valid. It is not stated that dower was ever assigned to the widow, nor after-wards conveyed to Giles; and no assignment or deed from her has been exhibited or read. If such documents exist, they constitute a legal title
 
 “pro tanto;”
 
 and there is no ground for the interposition of this court. It is probable, however, that when Giles, after contracting for the dower, purchased, as he supposed, the reversion, he deemed it useless to have the dower allotted, and that in fact it never was assigned. If that be the case, the plaintiff cannot have a decree upon this bill. Dower until assignment, is not an estate in the land of the deceased husband, but a mere right.
 
 Tompkins
 
 v.
 
 Fonda,
 
 4 Paige’s Reps. 448. The widow cannot defend herself against the suit of the heir, for any part of the land.
 
 Williamson
 
 v.
 
 Cox,
 
 2 Hay. 4. It,may no doubt be released to the heir or his
 
 J J
 
 alienee, but it cannot be conveyed to a stranger. The sa'e ^ie widow could therefore amount but to an equitable assignment of her right, which might sustain a bill aga¡nst her ahd the heir, to have the contract established and specifically executed, by a decree for an assignment of dower, and for a conveyance to the vendee; but this bill has no such aspect. The widow is not a party; nor the contract with her set forth with any precision; nor is there even a prayer for an assignment of dower.
 

 Upon no ground, therefore, ought the injunction to have been continued, but was properly dissolved, with costs;
 
 *441
 
 which must be certified accordingly, to the court of equity. The appellant must also pay the costs in this court.
 

 Per Curiam. Decree affirmed.