Nash, J.
 

 This cause in here upon a case agreed. The* declaration contains two counts ; one on a covenant of sei-' sin, the other upon a covenant of quiet enjoyment. It is agreed, that if upon either count the plaintiff is entitled to a recovery, judgment shall be-rendered for him for the sum set forth. The alleged covenants are contained in a deed of bargain and sale for a tract of land, sold by William S. Douglas, who is now dead, to-the plaintiff. The deed, after' setting out in the premises the parties to it, and specifying the land, and the interest eonveyed, goes on as follows:: “To have and to hold the-above described piece or parcel of land free and clear from me, my heirs, executors, administrators and assigns and from all other persons whatsoever, unto the said John Midgett,. &c.” Midgett was sued and turned out of possession by paramount title.
 

 We are of opinion, that the clause in the deed, as above-set forth, contains a covenant for quiet enjoyment. The defendant, through his counsel, insists, that the deed contains no covenant whatever. It is true, the word covenant or agreement, does not appear- in it, nor is it necessary that either of them should. No precise or technical language is required’by law, in which a covenant shall be worded — any words which amount to or import, an agreement, are sufficient, a covenant being an agreement or contract under seal;-. Platt on covenants 28;
 
 Lamb and Morris,
 
 1 Bur. 290. The words in the deed we are considering, upon their face import a promise or agreement on the part of Douglas, the vendor, that Midgett shall enjoy the premises free from disturbance from any one, claiming by title paramount; and that is a covenant for quiet enjoyment;
 
 Woodward
 
 v
 
 Ramsay,
 
 2. Haw. 335. The languge of the deed is, that he “ shall have and hold, that is, possess, the land iree and clear, &c.” It is. objected, however, that these words are-
 
 *148
 
 in the
 
 habendum
 
 of the deed, and constitute a part of it. By themselves, they properly constitute no part of the
 
 ha-bendum.
 
 The office of the
 
 habendum
 
 is to point out the interest or estate conveyed. The words, “ free and clear,” &c., go beyond that, and, in connction with the
 
 habendum,
 
 technically so called, are unmeaning. But it is a rule in the construction of deeds, that every: clause and word, if possible and consistent with law, shall have a meaning given to it. If, however, they do constitute a part of the
 
 ha-bendum,
 
 they certainly are out of place, but that circumstance ought not to deprive them of their existence and legal effect. It is the office of the premises to specify the parties to the deed and the thing
 
 granted;
 
 if, however, the name of the grantee appears for the first time in the
 
 haben-dum,
 
 it is sufficient;
 
 Hafner v Irwin,
 
 4 Dev. and Bat. 433; Coke on Lit. 26 b. note. Now, if a grantee may appear for the first time in the
 
 habendum,
 
 we can see no good reason, why a covenant may not. Had the words we are considering appeared in a separate clause to themselves, there can be no doubt as to their being a covenant for quiet enjoyment. The whole clause, however, is a covenant for quiet enjoyment. An
 
 habendum
 
 clause is not essential to the Validity or completeness of a deed — it may be entirely omitted without affecting its validity. The parties, the thing granted, and the quantity of estate may all be contained in the premises — and” such is the modern or most frequent mode of conveyances; 4 Kent’s Com., 468.
 

 It is the duty of this Court to look into the whole case, and to pronounce such judgment as the Court below ought to have done; and believing that the deed contains a covenant for quiet enjoyment, judgment is given to the plaintiff.
 

 Per Curiam. Judgment affirtaed.