Battle, J.
 

 If the defendant were a mere wrong-doer, the entry of the plaintiff into the land covered by his grant, would have put him into possession of the whole of it, as against the defendant, notwithstanding the outstanding title of Blount’s heirs ;
 
 Osborne
 
 v.
 
 Ballew,
 
 12 Ire. Rep. 373 ;
 
 Myrick
 
 v.
 
 Bishop,
 
 1 Hawks’ Rep. 485. Whether the entry of the defendant claiming title under a junior grant -will make any difference, it is imnecessary to decide, since there is another well established rule which shows that the plaintiff was in possession, as against Blount’s heirs. The rale is this: if two grants lap, and one of the claimants be seated on the lapped part, and the other not, the possession of the whole interference is in the former exclusively ; possession of a part of the land included in both deeds being possession of all of it. See
 
 Williams
 
 v.
 
 Miller,
 
 7 Ire. Rep. 186, and the cases there referred to. In the present case the grant to Blount covered the whole of the land included within the plaintiff’s grant, and there was, therefore,
 
 *335
 
 a lappage co-extensive with the whole of the land granted to the plaintiff. Blount’s heirs were not in the actual possession of any part of the land included within their ancestor’s grant, while the plaintiff was actually settled on a part of his. His possession of a part was, therefore, as against Blount’s heirs, a possession of the whole ; and, we thinlc, it follows as a corollary, that he had possession of the whole of the land within the boundaries of his grant, as against every person entering into any part of it under a junior grant, as well as against a mere wrong-doer. The j udgment of the Court below, being in accordance with this principle, is correct and must be affirmed.
 

 Per Curiam.
 

 Judgment affirmed.