### L. S. WEBB, CASH'R, &c., v. FRANCIS A. BOYLE.

Where land that has been levied upon, is being wasted, and the officer is prohibited from making sale by military order, *held* that the plaintiff in the execution is entitled to an injunction against such waste.

The fact that pending the proceedings for injunction, the military orders ceased to have effect, and the stay law was pronounced void, does not affect that jurisdiction for an injunction, which existed at the commencement of such proceedings.

A widow who is entitled to dower, can ordinarily exercise no right over the land until her dower has been assigned.

(*Powell* v. *Howell,* at this term; *Jacobs* v. *Smallwood ante* 112, and *Hamlin* v. *Hamlin,* 3 Jon. Eq. 191, cited and approved.)

MOTION to dissolve an injunction, heard before *Barnes,* *J.,* at Spring Term 1868, of the Court of Equity for BERTIE.

The plaintiff, Cashier of the Bank of North Carolina at Windsor, alleged that at February Term 1861 of the County Court of Bertie he had obtained a judgment against one John M. Boyle for $13,319.68, and that an execution upon the same was levied upon a tract known as the Rainbow Swamp; that a sale during the war was impracticable, owing to the presence of the armies, and that since the war it has been prevented by Stay Laws and Military Orders; that John M. Boyle died insolvent in the year 1866; that a *ven. ex.* was issued at November Term 1867, after notice to the heirs of the deceased, and the sheriff had been ordered by the military not to sell; that the defendant, a son of the deceased, who is also insol-

vent, has been for two years, and is now, engaged in cutting
timber from the land, which is the only property of the
deceased to which the plaintiff can resort for payment of his
debt, and which is not sufficient for that purpose. The prayer
was for an injunction, an account of the timber already cut,.
and for general relief.

The answer, filed at Spring Term 1868, averred that there
was nothing in the condition of matters during the war, in
the neighborhood of the land in question to prevent the plain-
tiff from selling it under execution; that the notice which
issued to the heirs of John M. Boyle was not served on all of
them; that the defendant is one of these heirs, and agent of
the widow (who is entitled to dower on said land,) and he
is also executor of said deceased; that one-half of the land
had been conveyed by deed (executed July 13, 1852) made
prior to the levy, by the deceased to H. G. Spruill, and that
deed is now "due and payable" to the defendants, that the
land is valuable for other purposes than the timber, and is
not the only property belonging to the deceased; and that.
although owing to the difficulty of collecting he can not at
present meet his debts, yet he is solvent, and able to pay all
damages that the plaintiff could recover.

Affidavits were filed, in regard to the defendant's pecuniary
condition, and exceptions were put in to the answer, also a copy
of the deed to Spruill, and of a military order (dated February
10th 1868,) annulling the injunction granted when the bill
was filed.

At Spring Term 1868 the injunction was dissolved, and the
plaintiff appealed.

At this term of the Supreme Court Charles Dewey filed a
petition alleging that the Bank of North Carolina had gone
into bankruptcy, that he is Assignee, and asking to be made
a party to the cause. This was allowed.

*Moore* and *Phillips & Merrimon*, for the appellant.

*Biggs* and *H. A. Gilliam, contra.*

DICK, J. The object of the bill in this case is to prevent

destructive injuries in the nature of waste, on land upon which the complainants have an execution lien. The suit at law, by which the judgment and execution were obtained, was brought by complainant Webb, as Cashier of the Bank of North Carolina. The said Bank has been adjudged a bankrupt, and the assignee, Charles Dewey, made application to become a party complainant in this Court, as provided for in Sec. 16. G. C. 68. of the Bankrupt Act of March 2nd 1867. The application was allowed. He is not a necessary party, as the plaintiff Webb has the legal interest in the judgment and execution, and can protect and secure the equitable interest of the Bank; but as the assignee and other plaintiffs have co-existent interests, they may properly be joined in a Court of Equity. Adams' Eq. 313.

The judgment in the Court of Law was obtained against John M. Boyle for a large debt due said Bank. The execution was issued from February Term 1861, of Bertie County Court, and levied upon the land in question, but a sale was prevented by the events of the late war; and by various stay laws. John M. Boyle died in 1866 insolvent. At November Term 1867 of said Court, a *ven. ex.* was ordered to be issued, due notice having been given to the heirs-at-law of said Boyle.

A sale was prevented by General Orders issued from Military Headquarters, staying the collection of debts of this character.

This bill was filed to Spring Term 1868 of the Court of Equity for Bertie, to stay by injunction destructive injuries in the nature of waste committed by Francis A. Boyle, who was in possession of said land. At said Term the injunction previously granted at chambers was dissolved in obedience to a military order to that effect. We will consider this cause upon the state of facts shown by the pleadings at that term. The first question is, was the injunction properly granted.

The plaintiffs established their right in a Court of Law, and the legal remedy for the enforcement of their lien was a sale of the land levied on. This legal remedy was stayed by military orders, and thus rendered ineffectual for immediate relief.

While thus stayed, the defendant, who was in possession of the land as one of the heirs-at-law of the said John M. Boyle, was committing very destructive injuries in the nature of waste. The land was insufficient to secure the plaintiffs' debt, and these destructive injuries were continually diminishing the value of the plaintiffs' lien. There was no remedy at law for immediate sale, or for preserving the corpus of the estate during the pendency of the *military stay law*. We may state as a general rule, that when a party has an established legal right, and, as to its enforcement, he is "remediless at law," he may find adequate relief in equity. It has been decided at this term in the case of *Powell* v. *Howell, et. al.*, that the law abolishing imprisonment for debt, necessarily enlarged the jurisdiction of Courts of Equity in the application of legal choses in action to the payment of debts. This stay law had the same effect, as it rendered the ordinary legal remedy of the plaintiffs ineffectual. The jurisdiction of equity originates in the occasional inadequacy of the remedy at law, Adams' Eq. 25., and that jurisdiction must necessarily enlarge, when from any cause a legal remedy becomes ineffectual to secure a legal right. The plaintiffs cannot bring an action of waste, or in the nature of waste, to recover damages for the destructive injuries complained of, as they have not the legal title to the land; and even if they could bring such action, any judgment for damages would be valueless, as the defendant is insolvent. Their only remedy was in equity, to restrain the commission of the injury, and such remedy was not in violation of the stay law, but was in accordance with its spirit; to preserve the corpus of the estate from destruction until such time as the *lien* could be satisfied by a sale.

These destructive injuries are plainly and positively alleged, and the insolvency of the defendant distinctly charged in the bill, and these allegations are fully sustained by affidavit, and a letter of defendant, and they are met by a very evasive answer and affidavit in defense, and the injunction would doubtless have been continued to the hearing of the cause, but for the imperative order of the military authorities then in com-

mand in this State. His Honor in the Court below, properly yielded obedience to the military orders, as *silent leges inter arma,* but that temporary government with its general orders, has passed away, and the municipal law of the State has again assumed its wise and beneficial supremacy. As the stay laws of the State have been declared unconstitutional at this term, in the case of *Jacobs* v. *Smallwood,* there is now nothing to prevent the plaintiffs from having their legal remedy, by a sale of the land in question; but this restoration of the legal remedy does not deprive the Court of Equity of the jurisdiction so rightfully acquired and exercised. *Hamlin* v. *Hamlin* 3 Jon. Eq. 191

We think proper to notice two matters insisted upon as a defense by the defendant in his answer. The deed in trust executed by John M. Boyle, deceased, in 1852, to H. G. Spruill, as trustee, to secure a large debt to Simmons, can in no way avail the defendant, as he does not state how he has any interest in it. The deed is so old in date that there is a legal presumption of its satisfaction, and the defendant does not show any thing to rebut that presumption.

The defendant insists that he is the agent of the widow of John M. Boyle, deceased, who is entitled to dower in the land, and a reasonable use of the timber for her benefit. This may be so—but until the dower is assigned, she has no right which she or her agent can lawfully exercise over said land.

The interlocutory order in the Court below must be reversed. Let this be certified, &c.

PER CURIAM.                    Ordered accordingly.