STATE v. THOMPSON.

(Filed May 13, 1902.)

1. FORCIBLE TRESPASS—*Forcible Entry and Detainer—Action—Dismissal.*

Where, in forcible entry and detainer, it appears that the case is one of disputed title, the court should dismiss it.

2. FORCIBLE TRESPASS—*Dower—Widow—Questions for Court.*

Where dower in land has not been assigned, the right of widow thereto does not constitute her an owner, entitling her to prosecute an indictment for forcible trespass on land, and the court should so hold.

3. FORCIBLE TRESPASS—*Ownership of Land—Constructive Possession.*

Where, in a prosecution for forcible trespass, the land in dispute is covered by the deed of prosecutor and defendant, it is error to charge that the possession by prosecutor of a part of land included in his deed is constructive possession of the disputed part.

INDICTMENT against Martin Thompson and others, heard by Judge *A. L. Coble* and a jury, at September Term, 1901, of the Superior Court of MONTGOMERY County. From a verdict of guilty as to Martin and Will Thompson, and judgment thereon, the defendants appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*Adams & Jerome,* for the defendants.

FURCHES, C. J.   This is an indictment for forcible trespass, or rather for forcible entry and detainer.

The evidence showed that Mrs. Yarborough and the defendant Martin Thompson lived upon adjoining tracts of land, and that there is a strip of woodland that they both claim. The prosecutrix, Mrs. Yarborough, claims that is covered by

the deeds to her deceased husband, and the defendant claims that it belonged to his father, who died more than forty years ago, and it was assigned to him in the division of his father's land.

Both offered evidence tending to show title as alleged, and both claimed to be in possession.

It is a clear case of disputed title, and should not have been allowed to be litigated on the State's side of the docket. And after it had gotten there, and it was made to appear to the Court that it was a matter about a disputed title, it should have been dismissed. But the State must fail for other reasons. To sustain the indictment, the prosecutrix must have been the owner of the land trespassed upon, or in the actual possession of the same. She was not the owner of the land, from her own evidence, which tends to show, and we will assume did show, that the land she lived on belonged to her husband before his death, and descended to his heirs, as no will is alleged or shown. She was entitled to dower, but this had not been assigned and allotted to her. And the fact that she was the widow and entitled to dower, gave her no right to any part of the land. *McCormick v. Monroe*, 48 N. C., 332; *Webb v. Boyle*, 63 N. C., 271; *Williams v. Cox*, 3 N. C., 4; *Harrison v. Wood*, 21 N. C., 437. And if the deed for the tract of land upon which she lived included the land trespassed upon, as she claimed it did, and the defendant's deed also included this land, the possession of the prosecutrix outside of this lappage would not extend across the defendant's line, and she would not have a constructive possession, and the defendants would not be guilty.

Under this state of the evidence the Court charged the jury, "That if the jury find beyond a reasonable doubt that the prosecutrix was the owner of a tract of land; that the piece of land in dispute was embraced in a deed under which she held the said tract and was a part of the said tract, under

STATE *v.* THOMPSON.

known and visible lines and boundaries; and find further beyond a reasonable doubt that the said prosecutrix was in the actual possession of any part of said tract; then, under the law, she would be held to be in possession of the land in question." This was excepted to by the defendants. The charge can not be sustained.

It was error to leave it to the jury to find whether the prosecutrix was the owner of the land upon which she lived, when she had shown that she was not the owner, as she had never had dower assigned to her. And instead of leaving this question to the jury, the Court should have told the jury that the prosecutrix was not the owner of said tract of land.

It was also erroneous to instruct the jury "That if the prosecutrix was in the actual possession of any part of said tract, then, under the law, she would be held to be in the possession of the land in question." This would have been so if the prosecutrix had been the owner, and there had been no evidence showing or tending to show that the defendant's deed also covered the land trespassed upon. Without it had, also submitting the defendant's claim of title to the jury with instructions that if they found that the defendant's deed also covered this land, and created what is called "a lappage,' then there would be no constructive possession across this line.

This discussion shows that the dispute was one of title, and should not have been tried on the State docket.

Error.