KALBACH, Appellant, v. MATHIS et al.,
Respondents.

St. Louis Court of Appeals, February 2, 1904.

1. **ALTERATIONS:** Explanatory Evidence. Alterations in a deed are presumed to have been made innocently and before acknowledgment and delivery, but if there are suspicious circumstances apparent on the face of such an instrument, offered in evidence, the court may let in testimony as to when and under what circumstances the alterations were made.

2. ———: ———. Where one description in a sheriff's tax deed, in the column for the range number, showed an erasure with the number "7" inserted on the abraded surface, and the other description showed an erasure of the word "five" and the word "seven" written above it, both alterations in different ink from the rest of the instrument, and the clerk's entry of the acknowledgment, taken in open court, described the land as in range 5, it was proper for the trial court to take evidence bearing upon when and how the alterations were made.

3. ———: ———. The evidence is examined and the finding of the chancellor that the alterations were made after delivery, and his ruling excluding the deed from evidence, held to be correct.

4. **WASTE:** Equitable Owner: Injunction. An equitable owner of land may have relief by injunction against waste.

5. ———: ———: ———. Where, in such an action, the plaintiff had acquired his interest by purchase under execution, having a deed with an erroneous description of the land, where all the proceedings were regular with proper descriptions up to and including the judgment, but the execution was not in evidence, this was not enough to show that plaintiff had purchased by a correct description and a judgment against him is affirmed.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*E. R. Lentz* for appellant.

(1)  All the evidence goes to show that the defendants were the rankest kind of trespassers; that they were without authority of any kind to cut or take away the timber.  There is not a particle of testimony tending in the remotest degree to establish such right.  The alleged change in the description in the deed could only prejudice some one in privity with Milo P. Marble, the admitted owner of the land prior to the tax sale, or some of the other persons who were made co-defendants with him in the tax suit.  As defendants made no pretense of showing any such privity of interest or title, they were not harmed by the alleged changes in the deed, and could not be heard to question the validity of the deed as evidence of the plaintiff's title.  Holladay-Klotz Lumber Co. v. Moss Tie Co., 89 Mo. App. 560.  (2) The law presumes that the alterations in the deed were made anterior to, or contemporaneous with, the execution and delivery of the deed; and the burden of establishing that the alterations were made afterward rests upon the defendants.  Mathews v. Coalter, 9 Mo. 705; Paramore v. Lindsley, 63 Mo. 66; Halton v. Kemp, 81 Mo. 665; Stillwell v. Patton, 108 Mo. 352; Bunett v. Mc-Cluey, 78 Mo. 687; Wilson v. Hayes (Minn.), 4 L. R. A. 200.  (3) The presumption that the alteration was made anterior to or contemporaneous with the execution

and delivery of the deed, is not overcome by suspicious circumstances appearing on the face of the instrument. Grimes v. Whitesides, 65 Mo. App. 1. (4) The entry of acknowledgment indorsed on the deed executed by the sheriff is regular and in proper form. The mistake of the clerk in making his record entry will not affect the deed. Scruggs v. Scruggs, 41 Mo. 245.

*William N. Barron* for respondents.

(1) In every case it devolves upon the plaintiff to make out his case by proof and until he does so the defendant can remain passive if he chooses. Robertson v. Railroad, 152 Mo. 391; Marshall v. Ferguson, 94 Mo. App. 182; 5 Am. and Eng. Ency. Law (2 Ed.), 39-41. (2) The material alteration after delivery of a deed by one beneficially interested who has custody thereof is fatal to the instrument. Hord v. Taubman, 79 Mo. 102. (3) If the alteration or interlineation is of a suspicious character, the chancellor or jury would, on the face of the paper without additional proof, be authorized to decide against the presumption that the alteration was made before or contemporaneous with the signing. Grimes v. Whitesides, 65 Mo. App. 3. (4) In equity cases and particularly where the evidence was taken orally, the appellate court will not interfere with the finding of the trial court upon disputed questions of fact, unless such finding be manifestly against the preponderance of the evidence. Southern Commercial and Savings Bank v. Koeln, 60 Mo. App. 82; Ford v. Phillip, 83 Mo. 528.

GOODE, J.—The purpose of this suit is to enjoin the defendants from cutting timber on the north half of the southeast quarter of section 2, township 25, range 7, east, in Butler county. The plaintiff alleged that he was the owner of the land. His chain of title consists of a tax deed executed by the sheriff of Butler county

to Aaron Mast, pursuant to a sale under a judgment for taxes against Milo P. Marble, and a subsequent warranty deed from Mast to the plaintiff. The judgment for taxes was rendered May 9, 1890, at which time Marble held the title to the land, as was admitted. The defendants asserted a right to cut and remove timber from it by virtue of a parol license from Marble.

At the trial the tax deed was offered in evidence by the plaintiff, but was excluded by the court on the ground that it had been altered in a material respect by Mast, the grantee, after its execution, acknowledgment and delivery. The result was that plaintiff's suit failed and he appealed, assigning for error that the court wrongly excluded the deed.

The deed has been submitted, with the consent of both parties, for our inspection. We find that it was executed on a blank form of the kind in common use in conveying lands sold under judgments for taxes. In the first description of the land that occurs in the deed the section, township and range appear in figures in parallel columns. In the column for the range number the figure "7" appears; but it is apparent at a glance, that there has been an erasure of some figure previously there and "7" inserted on the abraded surface. The marks of the tool by which the erasure was made are visible and the figure 7 appears to be in blacker ink than the rest of the deed. The second description, to-wit; the granting clause, has the range written out in full and it was originally written as "five, east." The word "five" was erased by an ink line drawn across it and the word "seven" written above it in much blacker ink than the other portions of the deed.

The clerk's entry of the acknowledgment taken in open court under date of November 15, 1890, is contained in the bill of exceptions, having been introduced by the defendants, and is as follows:

"Now comes Samuel Gardner, sheriff of this county, and in open court, before the judge thereof,

acknowledges the execution of the deed as such sheriff to A. Mast, for the real estate described in said deed as follows, to-wit: the n. 1-2 of the s. e. 1-4 of section 2, township 25, range 5, which was sold at this term of court as the property of Milo P. Marble, Silas B. Jonas, O. P. Hedges, Frank Titus, J. A. Forbes, Charles P. Fuller and Western Mortgage & Investment Co., by virtue of a special execution issued from the office of the clerk of this court upon judgment for taxes in favor of the State of Missouri, to the use of Henry Turner, collector, etc., and against said Milo P. Marble, Silas B. Jonas, O. P. Hedges, Frank Titus, J. A. Forbes, Chas. P. Fuller and Western Mortgage & Investment Co., defendants. It is ordered that the clerk of this court indorse upon said deed a certificate of said acknowledgment under his hand and official seal.''

That acknowledgment, it will be observed, gives the range as five instead of seven, thus corresponding with the deed as it was first written.

The law is that alterations in instruments of this character are presumed to have been inserted innocently and before acknowledgment and delivery. But if there are suspicious circumstances apparent on the face of an instrument offered in evidence, the court may let in testimony, to be weighed by the triers of the facts, as to when the alterations were made and whether they were made by a party beneficially interested, subsequent to acknowledgment and delivery. The trial court took evidence on this question and we think properly; as the apearance of the instrument excites suspicion as to the validity of the alterations and, therefore, called for an explanation. Paramore v. Lindsley, 63 Mo. 66. Besides the entry of the acknowledgment, two witnesses were introduced who testified as experts that the alterations were made in the handwriting of the grantee, Aaron Mast. Samuel Gardner, who executed the deed as sheriff, it was put on the stand and testified that the manuscript portions of the deed as originally written,

were in the handwriting of Geo. W. Register; but that the alterations were in a different handwriting, were not made by his authority as sheriff, and he believed they were made since the delivery of the deed. Mast testified that he did not make the alterations and knew nothing about them. The purport of his testimony was that the deed was in the same condition it was when he received it. On this evidence the court, as trier of the facts, refused to admit the deed in evidence.

This is an equity case and we are at liberty to review the evidence; but it is customary in such instances, to defer somewhat to the opinion of the trial judge, and we do not feel that the weight of the evidence is so strongly against the finding made below that we ought to reverse it. It is hard to escape the conviction that the alterations were made after the acknowledgment and delivery of the deed, in view of the evidence; especially as the entry of the acknowledgment corresponds with the deed as originally written in regard to the range number. We will accept the finding of the learned trial judge as correct.

This is not an action for damages for trespass, but is a suit to prevent waste by an injunction. A legal action for damages can be maintained only by the party in possession or by the holder of the legal title who has constructive possession. With the sheriff's deed out of the evidence, the legal title can not be established in Kalbach, the plaintiff, and he is not in possession of the land, which is wild. He could not, therefore, maintain a legal action for trespass. But we apprehend that the equitable owner of the estate may have relief by injunction against waste. Webb v. Boyle, 63 N. C. 273. If all the proceedings leading up to this sale were regular, plaintiff would be entitled to a corrected deed, we think. Ozark Land & Lumber Co. v. Franks, 156 Mo. 673; Dollarhide v. Parks, 92 Mo. 178. He may be the equitable owner of the land and only lack the legal title because

of a mistake in the description in the tax deed. This is suggested by the judgment for taxes rendered in the suit against Marble. That judgment was copied into the bill of exceptions and is against the tract of land in controversy, which is described as in range seven. It is manifest, therefore, that Marble's land was in range seven and that the tax proceedings were against the land by its correct description, the error in describing it having occurred subsequent to the judgment. On this account we were inclined to favor the plaintiff's suit; but on reflection have concluded we may not do so because, perchance, there may have been a mistake in the description in the execution, levy and notice of sale. If the execution misdescribes the lands, plaintiff would, of course, not be entitled to a corrected deed; for the execution must follow the judgment and if it fails to do so, no title passes by the sale. The execution is not in the record, and as the presumption is in favor of the correctness of the decision below, in the absence of an affirmative showing of error, we can not grant the plaintiff relief.

The judgment is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.