COFFIN v. HARRIS.

(Filed May 28, 1906).

*Courts — Property in Custodia Legis — Injunctions — Conflicting Jurisdiction.*

Where the plaintiffs brought an action against non-residents for the recovery of money, and as a basis of jurisdiction, levied an attachment upon certain land and the action was removed to the Federal courts, where it is still pending. the plaintiffs cannot maintain an action in the Superior Court against residents of this State to enjoin a trespass upon the property attached as it is *in custodia legis* of the Federal Court, and the fact that both the plaintiffs and defendants are citizens of this State has no bearing.

HOKE and CONNOR, JJ., dissenting.

COFFIN *v.* HARRIS.

ACTION by E. C. Coffin and another against C. J. Harris and others, pending in the Superior Court of SWAIN, heard by *Judge T. A. McNeill,* at Chambers at Hayesville, N. C., on April 16, 1906, upon defendant's motion to vacate the injunction theretofore issued, for want of equity in the bill. From an order dissolving the injunction, the plaintiffs appealed.

· *Norwood & Norwood* for the plaintiffs.
*Dillard & Bell* for the defendants.

CLARK, C. J. In 1904 the plaintiffs began an action in the Superior Court of Swain County for the recovery of money against C. R. Flint and others, non-residents of this State, and as a basis of jurisdiction levied an attachment upon certain realty, the property of said defendants. That action was removed to the United States Circuit Court, where it is still pending. This is an action in the Superior Court of Swain County alleging that the defendants, residents of this State, are trespassing upon said land, cutting and removing timber and bark therefrom, which the plaintiffs allege will lessen and impair the value of the property attached, and asking injunctive relief to protect the same and the appointment of a receiver to take possession of the timber already felled and the lumber produced therefrom, and dispose of the same under the orders of the said Superior Court.

This is not the case where a plaintiff has brought an action in ejectment or to remove a cloud upon title against one defendant and a separate action against another defendant as a trespasser, and asking an injunction. This would be necessary, for· the plaintiff would have a standing in court by reason of his title to the property, and there would be distinct causes of action against different parties.

But here the plaintiffs have no title to or interest in the

land. They have no standing in court except by reason of the lien of the attachment, the efficacy of which process they aver is being impaired by the conduct of these defendants. The action against Flint and others having been removed to the Federal Court, the attachment is now process of that court as fully as if the action had been originally begun therein. *Winslow v. Collins,* 110 N. C., 119. As such process, it will be protected against impairment of its efficacy by orders of that court alone, either by a rule as for contempt in violating property *in custodia legis,* or by an ancillary bill for injunction or otherwise, as the plaintiffs may be advised. *Freeman v. Howe,* 65 U. S., 460. The Superior Court of Swain County cannot entertain an independent action to give protection to property *in custodia legis* in the Federal Court or in any other court. This would be a work or supererogation.

The fact that both the plaintiffs and defendants are citizens of this State has no bearing, as it is a proceeding in aid of an order in an action pending in the Federal Court protecting property which has been taken *in custodia legis* in that action, and this can be done by a bill in equity in that court, "not as an original suit, but ancillary and dependent, supplementary merely to the original suit out of which it has arisen, and is maintained without reference to the citizenship or residence of the parties." *Freeman v. Howe, supra.* In that case the property had been attached in an action pending in the Federal Court and the mortgagees attempted to get possession by replevin in the State Court. The United States Supreme Court decided that this proceeding in the State Court could not be maintained, notwithstanding both parties to the replevin proceeding were citizens of the same State—the Federal Court having first obtained jurisdiction by the attachment proceeding. It was held that the remedy of the mortgagees was to intervene by a bill in equity in the Federal Court, as ancillary to the action therein pending,

and that only thus could the order and harmony of the two jurisdictions be maintained. If the mortgagees could not assert their superior rights in an independent action, certainly the plaintiffs here, who are already parties to the action in the Federal Court, cannot protect their lien of attachment in that court against trespassers by an independent action in the State Court. *Freeman v. Howe,* cited *Taylor v. Carryl,* 61 U. S., 583, and both these cases were discussed and reaffirmed in *Covell v. Heyman,* 111 U. S., 176, the court holding that the levy of an attachment or execution was a taking into *custodia legis,* and whatever court thus first obtained jurisdiction held exclusive jurisdiction of such property and of all orders affecting it or its custody, *pendente lite.* The property cannot be taken out of its possession by order of any other court, and, of course, invasions of such possession can only be restrained or punished by the court that has it in its custody and keeping. In *Taylor v. Carryl, supra,* jurisdiction had first been obtained by an attachment in the State Court of a vessel, and it was held that this could not be interfered with by a libel for the wages of the seamen in the United States Court of Admiralty, for the reason that the property "could not be subject to two jurisdictions at the same time;" the first levy, whether State or Federal, withdraws the property from the reach of the process of the other." *Hagan v. Lucas,* 35 U. S., 403. To same purport, *Railroad v. Gomila,* 132 U. S., 478. *Buck v. Colbath,* 70 U. S., 334, simply holds that "a third person, a stranger to the suit and claiming as owner, may sue the officer either personally for damages or on his bond" for trespasses, such action "not affecting the custody of the property." *Covell v. Heyman, supra.*

An injunction may issue to protect or safeguard property taken into the custody of the court by an attachment. *Cauffman v. VanBuren,* 20 L. R. A., 446, and notes, but it is an ancillary proceeding to that action and must be issued

by the court that holds the property in its custody. As the basis of the plaintiffs' claim is the lien of the attachment, it would be necessary for the State Court to determine its regularity and validity before it could proceed, and this it could not do as to an attachment in a case still pending in another court.

The judgment discharging the restraining order which had been granted in this case is

Affirmed.

HOKE, J., dissenting. I differ from the court in the disposition made of this case and consider the questions involved of sufficient importance to justify some statement of the reasons for my dissent. The plaintiffs, Coffin & McDonald, have heretofore, to-wit, on November 24, 1904, instituted an action in the Superior Court of Swain County, N. C., against Chas. R. Flint and others, to recover damages to a large amount for an alleged breach of contract on the part of the defendants. Those defendants, being all non-residents of the State, an attachment was sued out in the action and levied on a large tract of land, about 78,000 acres situated in Swain County. The defendants then made a general appearance, and on their application the cause was removed into the Federal Court for the Western District of North Carolina, where the same is now pending. Afterwards, to-wit, in April, 1906, the plaintiffs instituted the present action in the Superior Court of Swain County against C. J. Harris, W. H. Woodbury and William Tabor and filed a verified complaint, alleging the pendency of the former action in the Federal Court against Charles R. Flint and others and the existence of a valid attachment and levy on the 78,000 acres of land belonging to said Flint and his co-defendants. The plaintiffs further allege that the land so levied on is chiefly valuable for the timber growing thereon, and that the defendants have wrongfully entered upon said

land and are cutting down the timber and manufacturing and removing the same, and that these wrongs and trespasses constitute an irreparable injury to the plaintiffs by lessening the security which the plaintiffs hold for the amount they may recover, and rendering said recovery fruitless.

The plaintiffs in this second action in the State Court, having obtained a restraining order, the defendants on notice duly given, moved to vacate the same on the complaint for want of "equity in the bill," and on the hearing the court below being of opinion with the defendants vacated the restraining order and the plaintiffs excepted and appealed.

It will be noted that, so far as the record now discloses, the present defendants have no connection whatever with Charles R. Flint and others, defendants in the suit now pending in the Federal Court, and by accepting the statements in the bill, as true, it is admitted:

1. That the land belongs to Charles R. Flint and his co-defendant in the original suit.

2. That the plaintiffs hold an attachment, duly levied upon this property and the only security available for their recovery.

3. That the defendants in the present suit are wrongfully cutting the timber on the land and removing the same, and their wrongful conduct, unless restrained, will so impair the value of the property as to render the praintiffs' recovery fruitless.

The decision of the court is made to rest on the position that, inasmuch as the cause in which the attachment was issued, has been regularly removed to the Federal Court, any action to protect and conserve the interest in the property acquired and held by the plaintiffs under the warrant of attachment must be brought and maintained in that court. But I do not understand this to be correct doctrine and am of opinion that it is not the law on the facts presented in this appeal.

It is conceded that the order for removal transferred to the Federal Court the original action between the plaintiffs and Charles R. Flint and his co-defendants, together with all the incidental questions at issue between these litigants, and the said defendants having appeared generally and become parties, the action which, as at first constituted, was more strictly one *in rem,* by that appearance has become one *in personam.* Waples on Proceedings in Rem., sec. 580; *Cooper v. Reynolds,* 77 U. S., 308. The status of the plaintiffs, then, in reference to this suit in the Federal Court, is that of actors seeking to recover damages *in personam* for breach of a contract and holding an inchoate lien on the realty as a security for the amount they may recover in that action. Such a position gives the plaintiffs no right to possession of the property nor to the rents and profits thereof, and the motion therefore for a receivership was properly disallowed.

The plaintiffs, however, on the facts stated, are entitled to injunctive relief against wrongful trespasses upon the property, which threaten to destroy its value and render their recovery fruitless. Revisal, sec. 806, 807; *Webb v. Boyle,* 63 N. C., 271; *Gordon v. Lowther,* 75 N. C., 193; *Jones v. Britton,* 102 N. C., 166; *Latham v. Lumber Co.,* 139 N. C., 9; *People v. VanBuren,* 20 L. R. A., 447; High on Injunction (4 Ed.), sec. 658, citing *Camp v. Bates,* 11 Conn., 51. And there is no reason that occurs to me why the plaintiffs shall not be permitted to assert this right in the State as well as in the Federal Court. Both plaintiffs and defendants in the present action are citizens, resident in the State of North Carolina, where the property is situated. The issue between them is in no way, so far as now appears, involved in the other action.

There is nothing here which threatens or tends to threaten the validity of the attachment lien, nor which impairs nor tends to impair the value of the security, nor which obstructs  .

or tends to obstruct the due and orderly procedure of the action now pending in the Federal Court or to prevent or interfere with the due application of the property to whatever judgment that court may render. On the contrary, the present action, being for the purpose of preventing a trespass on land on which it is admitted that the plaintiffs have a valid attachment lien, is in aid of the Federal suit and tends to preserve the property held as security. I think, therefore, the plaintiffs should be allowed to proceed with their action and that on the facts admitted the restraining order should have been continued to the hearing.

The cases apparently to the contrary cited in the opinion of the court are all cases where personal property has been seized and was held under process from the Federal Court, and, by reason of such seizure and possession, the property was held to be in the custody of the law and on that account was protected from interference. I respectfully suggest that the fallacy, if there be such, in the principal opinion arises from not having been advertent to the distinctions which exist between the levy of an attachment on realty, as here, and the seizure of personal property by levy, as in the decisions relied upon.

Possibly, if the defendants in the original action had not appeared and the suit was one more strictly *in rem,* the authorities cited by the court might be considered as controlling, but I apprehend no case can be found where, in an action *in personam,* the levy of an attachment on realty in the Federal Court and before any final judgment had by which conflicting rights are declared, has been held to draw the property into the custody of the law to such an extent as to prevent action by a State Court seeking to enforce a right or redress a wrong, of which it would otherwise have full jurisdiction. In 3 Am. & Eng. Enc., 215, it is said: "The effect of a levy on real estate, however, in this respect differs materially from that of a levy on personalty. No estate or

interest passes to the officer. He acquires no right to take the rents, issues or property. The possession and the right to it remain in the defendant undisturbed." And in 4 Cyc., 605, it is said: "Since in the case of a levy on realty, the officer levying acquired no possession nor special property, there is no reason why an attachment creditor may not acquire a valid lien by the levy of a writ of attachment on land on which another officer had already levied an attachment or execution, subject, of course, to the lien of the prior levy."

The decided cases support the doctrine as stated. *In re Hall & Stilson Co.,* 73 Fed. Rep., 527, it is said:

1. "The rule of comity which forbids the seizure of property, subject to the jurisdiction of one court, by another court of concurrent jurisdiction, applies only where there is active or constructive possession of the property by the former court. 2. The levy of an attachment upon real estate gives to the court from which the process issues neither actual nor constructive possession of the property, but only creates a lien thereon in favor of the attachment creditor. 3. Where real property, under attachment upon process from a State Court, is taken into the possession of a receiver of a Federal Court, leave should not be granted by the latter court to sell such property under execution in the attachment suit, if the property is not ample to meet all claims upon it, or if the condition of the title is such that the property would be likely to be sacrificed if sold before the title is cleared up by a decree." This case is an apt authority in support of the view here contended for, and many others might be cited. *Powers v. B. & L. Asso.,* 80 Fed. Rep., 705; *Stanton v. Embry,* 93 U. S., 548.

Even in one of the cases relied upon by the defendants, *Buck v. Colbath,* 70 U. S., 334, it is held: "The rule that among courts of concurrent jurisdiction that one which first obtains jurisdiction of a case has the exclusive right to decide

every question arising in the case, is subject to some limitations and is confined to suits between the same parties or privies seeking the same relief or remedy, and to such questions or propositions as arise ordinarily and properly in the progress of the suit first brought, and does not extend to all matters which may, by possibility, become involved in it."

In the case before us the plaintiffs, holding an inchoate lien on realty by virtue of process in a suit now pending in the Federal Court which as we have seen they have a right to protect by injunctive relief, institute an action in the State Court against a trespasser. There is nothing in the action, so far as it now appears, which interferes or tends to interfere with any property right or interest involved in the original suit. On the contrary, it is in aid of the relief sought in the Federal Court, and in my judgment the plaintiffs should be allowed to proceed.

CONNOR, J., concurs in the dissenting opinion.